STATE OF NORTH CAROLINA v. SAMUEL LEON GETWARD

No. 875SC732

(Filed 1 March 1988)

**1. Rape and Allied Offenses § 3— rape of estranged wife—indictment sufficient**

An indictment for rape of defendant's estranged wife was sufficient where the indictment was drawn in accordance with N.C.G.S. § 15-144.1 and was sufficient to let defendant know that he was charged with the rape of his estranged wife and to allow him to prepare his defense. N.C.G.S. § 14-27.8 is not a separate rape offense and does not require a separate form of indictment.

**2. Rape and Allied Offenses § 1— marriage as defense—raised by plea in bar**

Marriage as a defense to rape is raised by a plea in bar; nothing in the wording of N.C.G.S. § 14-27.8 suggests that defendant must wait until prosecution is underway to offer proof concerning his marital status.

**3. Rape and Allied Offenses § 1— failure to dismiss rape of estranged wife—no order of divorce or written separation agreement—error**

The trial court erred by not granting defendant's motion for dismissal of the charge of raping his estranged wife where there was no written separation agreement and no final order granting a divorce from bed and board. At the time of the offense, N.C.G.S. § 14-27.8 specifically stated that the parties must be living separate and apart pursuant to a written agreement or a judicial decree.

**4. Kidnapping § 1— disjunctive charge—conviction dismissed**

Defendant's conviction for the second degree kidnapping of his estranged wife was reversed where the indictment charged kidnapping for the purpose of raping and terrorizing, the court charged the jury on raping *or* terrorizing, and defendant could not have been convicted for the rape of his wife under the law as it was when the incident occurred.

APPEAL by defendant from *Strickland (James R.), Judge.* Judgment entered 28 March 1986 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 January 1988.

Defendant was charged in separate bills of indictment with the first degree rape and first degree kidnapping of his wife Michelle D. Getward. He was found guilty of second degree rape and second degree kidnapping. Defendant appeals the judgment entered thereon.

The evidence for the State tends to show that on 25 February 1985 defendant confronted his estranged wife in a parking lot in Wilmington, North Carolina. He had parked his pickup truck in

front of her car and was leaning up against her car when she approached. He was carrying a pistol which was attached to his belt.

Defendant instructed his wife to get into her car and follow him. Fearing for her safety, she complied. As they left the parking lot, Mrs. Getward became aware that defendant had chained their cars together. Defendant later stopped and unhooked the vehicles. Again, he instructed her to follow him to his house. He threatened to shoot her if she did not do so. When they reached the house, Mrs. Getward refused to enter, and defendant pulled out his gun and threatened to kill her.

Subsequently, defendant and his wife left his residence in her car and drove around the Wilmington area. During this time, defendant repeatedly accused his wife of sexual misconduct and threatened to rape and kill her. He also struck her across the head with the pistol.

Defendant then had his wife drive to an isolated area in Pender County where defendant had sexual intercourse with her against her will. Testimony of the wife revealed that during this time defendant ripped her blouse off, struck her again with the gun, hit her several times and threatened to kill her. Afterwards defendant and his wife drove to another location where defendant left the vehicle threatening her and warning her about calling the police.

That same day, Mrs. Getward reported the events to personnel at the Women's Shelter of New Hanover County and to the police. She received medical treatment for various injuries including a black eye, bruised and swollen jaw, knots on the back of her head and a bruised arm. She was also examined in connection with her rape allegations.

Defendant was indicted in Pender County for the felony of rape and in New Hanover County for the felony of kidnapping. Defendant waived venue in Pender County and was tried on both charges in New Hanover County.

Defendant testified in his own behalf that his wife consented to and encouraged the sexual intercourse. He denied having a gun or forcing his wife to drive anywhere. Defendant also testified that he struck his wife in order to halt her advances or to return blows she gave to him.

At trial, evidence was admitted, over defendant's objection, which revealed that on 22 April 1984 Mrs. Getward had filed a complaint requesting a divorce from bed and board and a court order directing defendant to refrain from harassing her. Also admitted in evidence was a 30 April 1984 *ex parte* order, entered pursuant to G.S. 50B and pending further hearing, which in part prohibited defendant and Mrs. Getward from assaulting, molesting, harassing, or interfering with each other.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Robin A. Perkins, for the State.*

*William H. Dowdy for defendant-appellant.*

SMITH, Judge.

[1]   Defendant assigns as error the trial court's submission of the rape charge to the jury on the grounds that the requirements of G.S. 14-27.8 pertaining to interspousal rape were not sufficiently alleged in the indictment nor sufficiently proven at trial. We disagree that the rape indictment was insufficient but hold that G.S. 14-27.8 barred defendant's prosecution for rape.

The rape indictment against defendant stated that defendant "unlawfully, willfully and feloniously did ravish and carnally know MICHELLE D. GETWARD, a female person, by force and against her will by employing and displaying a dangerous and deadly weapon." Defendant contends that the indictment was deficient because the State was seeking a conviction for interspousal rape but the indictment failed to set forth the elements of G.S. 14-27.8 that defendant and his wife were married and separated pursuant to a written agreement or judicial decree. We do not agree.

G.S. 15-144.1 provides a short form indictment for the charge of rape. It states in pertinent part:

[I]t is sufficient in describing rape to allege that the accused person unlawfully, willfully, and feloniously did ravish and carnally know the victim, naming her, by force and against her will and concluding as is now required by law. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for rape in the first degree and will support a verdict of

guilty of rape in the first degree, rape in the second degree, attempted rape or assault on a female.

Our Supreme Court has held that a short form indictment is constitutionally sufficient to charge a defendant with first degree rape. *State v. Lowe*, 295 N.C. 596, 247 S.E. 2d 878 (1978).

> An indictment is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense. The indictment must also enable the court to know what judgment to pronounce in case of conviction.

*Id.* at 603, 247 S.E. 2d at 883. The State's failure to set forth the marital status of the parties involved is not fatal to the indictment. As mandated by our Legislature: "In indictments for rape it is not necessary to allege every matter required to be proved on the trial." G.S. 15-144.1. The rape indictment was drawn in accordance with G.S. 15-144.1 and was certainly sufficient enough to let defendant know that he was charged with the rape of his estranged wife and to allow him to prepare his defense.

[2]  G.S. 14-27.8 is not a separate rape offense, as defendant contends. This statute does not require a separate form of indictment other than the one provided for by G.S. 15-144.1. However, marriage is not a defense to be raised by defendant only at trial, as the State contends. Marriage as a defense to rape is raised by a plea in bar to prevent trial of cases which do not meet the criteria of G.S. 14-27.8. Although now amended, G.S. 14-27.8 stated at the time of the alleged offense:

> A person *may not be prosecuted* under this Article *if* the victim is the person's legal spouse at the time of the commission of the alleged rape or sexual offense unless the parties are living separate and apart pursuant to a written agreement or a judicial decree.

(Emphasis added.) The statute does not enumerate any additional elements of rape which must be proved by the State. Rather, it abolishes, in part, the common law defense of marriage. However, the wording of the statute does not suggest that defendant must wait until prosecution is underway to offer proof concerning his marital status. G.S. 14-27.8 has the effect of barring prosecution

altogether. A defendant who could show that he and his wife were not separated by "a written agreement or a judicial decree" at the time of a rape could not be brought to trial. G.S. 14-27.8.

"A plea in bar . . . sets forth matters which *per se* destroy the right of action and bars its prosecution absolutely." *U.S. v. Brodson*, 234 F. 2d 97, 99 (1956). Although there is no current case law which specifically holds that marriage as a defense to rape under G.S. 14-27.8 is to be asserted by a plea in bar, other courts have recognized that the defenses of statute of limitations, self-incrimination, former acquittal or conviction and pardon are proper for a plea in bar. *Commonwealth v. Geagan*, 339 Mass. 487, 159 N.E. 2d 870, *cert. denied*, 361 U.S. 895, 4 L.Ed. 2d 152, 80 S.Ct. 200 (1959). *Accord Brodson supra. See also U.S. v. Goldman*, 277 U.S. 229, 72 L.Ed. 862, 48 S.Ct. 486 (1928); *State v. Evjue*, 253 Wis. 146, 33 N.W. 2d 305 (1948). These cases have held that the purpose of the plea in bar "is to set up a ground not open under a plea of not guilty, which is an absolute defen[s]e, not only at the time of filing but for all time." *Geagan*, 339 Mass. at 495, 159 N.E. 2d at 878. G.S. 14-27.8, by its absolute language that a defendant "may not be prosecuted," falls directly into the proper category for a plea in bar.

In North Carolina double jeopardy is raised by a plea in bar. *State v. Davis*, 223 N.C. 54, 25 S.E. 2d 164 (1943). The court reasoned that such a plea is an inquiry not into a defendant's conduct but into whether the court had previously taken action against defendant for the same offense. By analogy, a plea in bar under G.S. 14-27.8 is not an inquiry into what defendant did but into whether defendant was married and not separated "pursuant to a written agreement or a judicial decree" at the time of the incident. This is an inquiry into status. As with double jeopardy, an answer in the affirmative would bar prosecution of a defendant. By presenting marriage as a defense to rape by a plea in bar, defendants and the State will be spared the cost and anxiety of unnecessary and frivolous prosecution.

[3] Defendant and his wife were separated on the date of the alleged rape. The undisputed evidence showed that on 22 March 1984 Michelle Getward filed a complaint seeking a divorce from bed and board pursuant to G.S. 50-7 and a protective order under G.S. 50B. On 30 April 1984, the district court entered an *ex parte*

protective order. No final order granting a divorce from bed and board was ever entered, and there was no written separation agreement between the parties.

The State contends that the *ex parte* order should be viewed as a valid judicial decree of separation for the purposes of a rape prosecution. It points to a legislative intent in enacting G.S. 14-27.8 to permit prosecutions for rape when there was evidence that the spouses had taken steps to alter the normal husband and wife relationship. The State cites Mrs. Getward's repeated attempts to separate herself legally from defendant. We cannot agree with the State's contention.

Under the common law, a husband could not be prosecuted for raping his wife unless he abetted another in committing the act. *State v. Dowell*, 106 N.C. 722, 11 S.E. 525 (1890). G.S. 14-27.8, by providing for prosecution of the husband in some cases, is in derogation of the common law. A statute which is in derogation of the common law must be strictly construed. *Swift & Co. v. Tempelos*, 178 N.C. 487, 101 S.E. 8 (1919).

At the time of the offense, G.S. 14-27.8 specifically stated that the parties must be "living separate and apart *pursuant to* a written agreement or *a judicial decree*." G.S. 14-27.8 (emphasis added). Thus, under this statute, they must be separated by their own written agreement or by a judicial decree. The only judicial decree which will constitute a judicial separation is a decree for a divorce from bed and board. A divorce from bed and board is a judicial separation. *Harrington v. Harrington*, 286 N.C. 260, 210 S.E. 2d 190 (1974).

The *ex parte* order entered in this case is not a decree granting judicial separation; it is an order requiring defendant and his wife to stay away from one another and requiring defendant to halt his harassment of his wife. Such an order may be obtained independent of any action for a divorce from bed and board. G.S. 50B-2. Although the order does illustrate an effort to alter marital relations, it does not rise to the level of a judicial decree of separation required by G.S. 14-27.8.

Under the law as it was in 1985 when this incident occurred, defendant could not have been prosecuted for the rape of his wife because the essential requirement necessary to permit such pros-

ecution, namely a judicial separation, was missing. The trial court erred in not granting defendant's motion for dismissal of the rape charge at the conclusion of the State's evidence. Defendant's rape conviction is reversed.

In reaching this conclusion, we hasten to point out that the General Assembly was obviously aware of the harsh results which could arise (such as in this case). G.S. 14-27.8 was amended in 1987 to delete the requirement that a couple be living "separate and apart pursuant to a written agreement or judicial decree." As amended, a husband and wife need only be "living separate and apart." The Legislature's action thus ensures that the result reached here will not occur again.

Defendant sets forth other assignments of error regarding the rape conviction. Our reversal of that conviction disposes of those assignments of error, and therefore we will not further address them.

Defendant next assigns as error the court's submission of the kidnapping charge to the jury. He contends that charge was not supported by the indictment.

[4] The kidnapping indictment in this case alleged that defendant "unlawfully, willfully and feloniously did confine, restrain and remove from one place to another Michelle D. Getward . . . for the purpose of facilitating the felony of rape *and terrorizing* Michelle D. Getward . . . in violation of G.S. 14-39." (Emphasis added.) At trial evidence was presented which tends to show that defendant chained his wife's vehicle to his own and forced her to go with him. Additionally, the evidence tends to show that defendant had a gun which he used as a weapon to physically assault and threaten her.

The trial judge instructed the jury that they must find beyond a reasonable doubt "that the defendant removed the victim for the purpose of facilitating his, that is, the defendant's commission of rape of the victim *or* for the purpose of terrorizing the victim" in order to return a verdict of guilty of kidnapping. (Emphasis added.) After deliberation the jury returned a verdict of guilty of second degree kidnapping. It was possible from the charge given that the jury could have found defendant guilty of kidnapping either on the theory that he kidnapped his wife for

the purpose of terrorizing her or on the theory that he kidnapped her to facilitate the felony of rape. Because the trial court charged the jury in the disjunctive, this court cannot determine upon which basis their verdict was founded.

> Where the trial judge has submitted the case to the jury on alternative theories, one of which is determined to be erroneous and the other properly submitted, and [the appellate court] cannot discern from the record the theory upon which the jury relied, this [c]ourt will not assume that the jury based its verdict on the theory for which it received proper instruction. Instead, we resolve the ambiguity in favor of the defendant.

*State v. Pakulski*, 319 N.C. 562, 574, 356 S.E. 2d 319, 326 (1987). We therefore find it necessary to reverse the trial court and remand for a new trial on the charge of second degree kidnapping.

Our reversal of the trial court and remand for a new trial disposes of defendant's other assignments of error regarding the kidnapping conviction. Therefore, we will not further address them.

No. 85CRS10807 — reversed.

No. 85CRS4288 — new trial.

Judges ARNOLD and WELLS concur.