CAROL CLARK, PERSONAL REPRESENTATIVE OF THE ESTATE OF WAYNE SCOTT JOR-
DAN, AND ARLIN CLARK AND WIFE, CAROL CLARK, AS INDIVIDUALS v. INN
WEST, A NORTH CAROLINA PARTNERSHIP, D/B/A RAMADA INN; RAMADA INN, A
DELAWARE CORPORATION; JAMES E. BRANDIS AND WIFE, ANN BRANDIS;
DEBRA ARA; WALLACE HYDE; CLIFTON E. SILER AND WIFE, DOROTHY
E. SILER; BETTY S. HINTZ AND HUSBAND, WILLIARD A. HINTZ; AND
MARY THRASH BOYD AND HUSBAND, ALBERT L. BOYD

No. 8730SC888

(Filed 15 March 1988)

1. **Intoxicating Liquor § 24— sale of alcohol to underage person—wrongful
death—contributory negligence as bar to claim**

Decedent's operation of his automobile in an impaired condition con-
stituted contributory negligence which is a defense to a wrongful death claim
based on defendant's alleged negligence in selling alcohol to an underage per-
son.

2. **Intoxicating Liquor § 24— dram shop law—sale to underage person—single
car accident—contributory negligence not defense—personal representative as
aggrieved party**

Under the dram shop law, the underage person's contributory negligence
is not a bar to an aggrieved party's action against an ABC permittee, and the
personal representative of an underage driver killed in a single car accident
after being served alcoholic beverages by a permittee is the aggrieved party
who may bring an action for the loss of support or death of the underaged per-
son. N.C.G.S. § 18B-120(1) and (2).

3. **Intoxicating Liquor § 24— dram shop law—sale of alcohol to underage per-
son—death in single car accident—action against ABC permittee**

In an action under the dram shop law to recover for the death of an
underage person who was killed in a single car accident after he had
purchased four double shots of tequila and four bottles of beer in defendant
partnership's motel bar, the trial court erred in dismissing the personal repre-
sentative's claim against the partnership and the individual partners.
However, no claims existed under the dram shop law against the motel fran-
chisor, the employee who served alcohol to deceased, and the owners and
lessors of the property on which the motel is located, and claims against these
defendants were properly dismissed.

APPEAL by plaintiffs from *Kirby (Robert W.), Judge.* Order
entered 16 April 1987 in Superior Court, HAYWOOD County.
Heard in the Court of Appeals 10 February 1988.

Plaintiffs Carol Clark, personal representative of the estate
of Wayne Scott Jordan (Jordan), Arlin Clark and Carol Clark, in-
dividually and as the alleged parents of Jordan, bring this action

for damages under the wrongful death statute, G.S. 28A-18-2, and the "dram shop law," G.S. 18B-120 *et seq.* The complaint was dismissed pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs appeal.

*Coward, Cabler, Sossomon & Hicks, P.A., by J. K. Coward, Jr., for plaintiffs-appellants.*

*Roberts Stevens & Cogburn, P.A., by Steven D. Cogburn and Glenn S. Gentry, for defendants-appellees.*

SMITH, Judge.

Initially, we note that appellants have failed to comply with Rule 12(a) of the Rules of Appellate Procedure. That rule requires a record on appeal be filed with this court "[w]ithin 15 days after the record . . . has been settled . . . but no later than 150 days after giving notice of appeal." App. R. 12(a). Counsel for the parties stipulated to the record on appeal on 7 July 1987, but plaintiffs failed to file the record with this court until 18 September 1987. The case is, therefore, subject to dismissal for failure to meet the fifteen day requirement. However, as there has been no motion to dismiss and the 150-day requirement was met, we exercise our discretion and hear the appeal "[t]o prevent manifest injustice." App. R. 2.

The complaint alleges that defendant Inn West is a North Carolina partnership operating the Ramada Inn West in Asheville, North Carolina as a franchisee of defendant Ramada Inn, a Delaware corporation. The complaint also alleges that defendants James E. Brandis, Ann Brandis and Wallace Hyde are partners in Inn West. Debra Ara was the employee of Ramada Inn West who served Jordan on the night in question. The remaining defendants, Clifton E. Siler, Dorothy E. Siler, Betty S. Hintz, Williard A. Hintz, Mary Thrash Boyd and Albert L. Boyd, are alleged to be the owners and lessors of the property on which the Ramada Inn West is located.

The complaint further alleges that on 5 December 1985 at approximately 10:00 p.m., Jordan, age 19, purchased four "double shots" of tequila and four bottles of beer at the Ramada Inn West lounge. Jordan was not old enough to legally purchase alcoholic beverages in North Carolina. G.S. 18B-302. On his way home, Jor-

dan was involved in a single-car accident and died the next morning from injuries sustained in the accident.

Defendants answered asserting several defenses, including Jordan's contributory negligence, as a bar to recovery. They also moved for dismissal under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants' motion to dismiss was granted, and plaintiffs appeal. Plaintiffs' sole assignment of error is that the trial court erred in dismissing their claims.

Plaintiffs have sought to allege two causes of action. The first is a wrongful death claim under G.S. 28A-18-2 and G.S. 18B-305. The second is a claim for relief under the "dram shop act," G.S. 18B-120 *et seq.* We conclude that the wrongful death claim was properly dismissed but that the dismissal of the dram shop claim of the personal representative should be reversed as to the Inn West partnership and its individual partners.

[1] Plaintiffs' first claim for relief is under the wrongful death statute, G.S. 28A-18-2. It is alleged that defendants breached a duty to Jordan and to the motoring public by serving alcoholic beverages to an intoxicated person and that this breach proximately caused his death. G.S. 18B-305 prohibits the sale of alcoholic beverages to an intoxicated person. Violation of the statute constitutes negligence *per se. Brower v. Robert Chappell & Assoc., Inc.,* 74 N.C. App. 317, 328 S.E. 2d 45, *disc. rev. denied,* 314 N.C. 537, 335 S.E. 2d 313 (1985); *Hutchens v. Hankins,* 63 N.C. App. 1, 303 S.E. 2d 584, *disc. rev. denied,* 309 N.C. 191, 305 S.E. 2d 734 (1983). However, the complaint also alleges that Jordan was operating his automobile in an impaired condition in violation of G.S. 20-138.1. His violation of that statute also constitutes negligence *per se. Arant v. Ransom,* 4 N.C. App. 89, 165 S.E. 2d 671 (1969). Jordan's contributory negligence is a defense to the wrongful death claim based on defendants' alleged negligence in selling alcohol to an intoxicated person. *See Brower, supra.* This cause of action was properly dismissed.

[2] Plaintiffs' second claim for relief is under G.S. 18B-120 *et seq.* These statutes allow an aggrieved party to recover damages from a local Alcoholic Beverage Control (ABC) Board or a permittee of the North Carolina ABC Commission if an injury is caused by an underage person's negligent operation of a motor vehicle and the

negligent operation of the vehicle is the result of the sale or furnishing of alcoholic beverages to the underage person. The three statutory requirements for recovery are:

(1) The permittee or his agent or employee or the local board or its agent or employee negligently sold or furnished an alcoholic beverage to an underage person; and

(2) The consumption of the alcoholic beverage that was sold or furnished to an underage person caused or contributed to, in whole or in part, an underage driver's being subject to an impairing substance within the meaning of G.S. 20-138.1 at the time of the injury; and

(3) The injury that resulted was proximately caused by the underage driver's negligent operation of a vehicle while so impaired.

G.S. 18B-121. A claim under this statute must be brought by an aggrieved party, "a person who sustains an injury as a consequence of the actions of the underage person, but . . . not . . . the underage person." G.S. 18B-120(1). If the underage person, Jordan, had lived, he would not be an aggrieved party with a claim for damages under G.S. 18B-120(1). However, G.S. 18B-120(2) further provides that "[n]othing in G.S. 28A-18-2(a) or [G.S. 18B-120(1)] shall be interpreted to preclude recovery under this Article for loss of support or death on account of injury to or death of the underage person." G.S. 18B-120(2). This statute does not create a new cause of action for loss of support or death from injury to the underage person; rather, the plain language of the statute has the effect of eliminating the underage person's contributory negligence as a bar to an aggrieved party's cause of action against the local ABC Board or the permittee. If the three requirements of G.S. 18B-121 are met, an aggrieved party may recover for the loss of support or death of the underage person. In this case, the aggrieved party can recover damages resulting from Jordan's death.

To determine who is the aggrieved party entitled to bring an action for damages under G.S. 18B-121, we must look not only to the definition of "aggrieved party" in G.S. 18B-120(1) but also to the wrongful death statute. "All statutes dealing with the same subject matter are to be construed *in pari materia*—i.e., in such a

way as to give effect, if possible, to all provisions." *State of N.C. ex rel. Utilities Comm. v. Thornburg*, 84 N.C. App. 482, 485, 353 S.E. 2d 413, 415, *disc. rev. denied*, 320 N.C. 517, 358 S.E. 2d 533 (1987). Under the wrongful death statute, the personal representative of the deceased is the proper plaintiff. *Horney v. Pool Co.*, 267 N.C. 521, 148 S.E. 2d 554 (1966). Construing the statutes together, as we must, the personal representative is the aggrieved party. Dismissal of the personal representative's claim under G.S. 18B-120 *et seq.* was error. However, dismissal of the claims of Arlin and Carol Clark as individuals was proper. A parent cannot maintain an action in his individual capacity for the wrongful death of his child. *Killian v. R.R.*, 128 N.C. 261, 38 S.E. 873 (1901).

[3] G.S. 18B-120(2) abolishes the common law defense of contributory negligence insofar as an aggrieved party is concerned and must be strictly construed. *Swift & Co. v. Tempelos*, 178 N.C. 487, 101 S.E. 8 (1919); *State v. Getward*, 89 N.C. App. 26, 365 S.E. 2d 209 (1988). The statute only allows a claim for relief against the local ABC Board or a permittee. Therefore, no claims exist under the statute against the employee, Debra Ara, the Ramada Inn corporation or the owners and lessors. These claims were properly dismissed. As an additional reason for dismissing all claims against the Ramada Inn corporation, this Court held in *Hayman v. Ramada Inn, Inc.*, 86 N.C. App. 274, 357 S.E. 2d 394, *disc. rev. on additional issues denied*, 320 N.C. 631, 360 S.E. 2d 87 (1987), that a franchisor is not responsible for the torts of its franchisee unless a principal-agent relationship is alleged. No such relationship has been alleged.

The complaint does not allege which of the named defendants is the permittee; it refers generally to the defendant permittee. A permit is "any written or printed authorization issued by the [North Carolina ABC Commission] . . . other than a purchase-transportation permit." G.S. 18B-101(2). An ABC permit may be issued to a partnership if each of the partners meets the requirements for a permit. G.S. 18B-900(c)(2). Construing the complaint in the light most favorable to plaintiff, the permittee in this case is the Inn West partnership. A partnership may be sued "under the name by which [it is] commonly known and called, or under which [it is] doing business, . . . without naming any of the individual members composing it." G.S. 1-69.1. This practice,

however, would not subject the partners to individual liability for the payment of any judgment. Only those partners named are individually liable. *Hardy & Newsome, Inc. v. Whedbee*, 244 N.C. 682, 94 S.E. 2d 837 (1956); *Dwiggins v. Bus Co.*, 230 N.C. 234, 52 S.E. 2d 892 (1949). Though the individual partners are not necessary parties, they are proper parties. The dram shop claim against the partnership and the individual partners was improperly dismissed. As to the other defendants, we affirm the trial court's dismissal.

Reversed in part; affirmed in part.

Chief Judge HEDRICK and Judge BECTON concur.