CAROL CLARK, Personal Representative of the Estate of Wayne Scott Jordan, and ARLIN CLARK and wife, CAROL CLARK, as Individuals v. INN WEST, a North Carolina Partnership, d/b/a Ramada Inn; RAMADA INN, a Delaware Corporation; JAMES E. BRANDIS and wife, ANN BRANDIS; DEBRA ARA; WALLACE HYDE; CLIFTON E. SILER and wife, DOROTHY E. SILER; BETTY S. HINTZ and husband, WILLARD A. HINTZ; and MARY THRASH BOYD and husband, ALBERT L. BOYD

No. 180PA88

(Filed 4 May 1989)

**Intoxicating Liquor § 24— dram shop law—sale to underage person—single-car accident—no right of action by personal representative**

The personal representative of the estate of an underage person who consumes alcoholic beverages and dies from injuries in a single-car accident may not recover damages under the Dram Shop Act, N.C.G.S. § 18B-121, from the seller of the beverages. The decedent could not have maintained an action for his own injuries because the underage person is excluded from the definition of aggrieved party in N.C.G.S. § 18B-120(1), and the General Assembly did not intend to allow the intoxicated decedent's personal representative, who merely

stands in his stead, to recover damages caused by the decedent's own indiscretions.

ON discretionary review of a decision of the Court of Appeals, reported at 89 N.C. App. 275, 365 S.E. 2d 682 (1988), affirming in part and reversing in part an order entered by *Kirby, J.*, at the 13 April 1987 Civil Session of Superior Court, HAYWOOD County. Heard in the Supreme Court 15 March 1989.

*Coward, Cabler, Sossomon & Hicks, P.A., by J. K. Coward, Jr., for plaintiff-appellees.*

*Roberts Stevens & Cogburn, P.A., by Steven D. Cogburn, Glenn S. Gentry, and Landon Roberts, for defendant-appellants.*

*Hafer, Day & Wilson, P.A., by F. Eugene Hafer and Betty S. Waller, for North Carolina Hotel & Motel Association, amicus curiae.*

WHICHARD, Justice.

Defendants seek reversal of a decision of the Court of Appeals that reversed the trial court's order dismissing plaintiffs' complaint for failure to state a claim upon which relief can be granted. The issue is whether the personal representative of the estate of a nineteen-year-old who consumes alcoholic beverages and dies from injuries sustained in a single-car accident may recover damages under N.C.G.S. § 18B-121[1] from the seller of the

---

1. This statute provides:

An aggrieved party has a claim for relief for damages against a permittee or local Alcoholic Beverage Control Board if:

(1) The permittee or his agent or employee or the local board or its agent or employee negligently sold or furnished an alcoholic beverage to an underage person; and

(2) The consumption of the alcoholic beverage that was sold or furnished to an underage person caused or contributed to, in whole or in part, an underage driver's being subject to an impairing substance within the meaning of G.S. 20-138.1 at the time of the injury; and

(3) The injury that resulted was proximately caused by the underage driver's negligent operation of a vehicle while so impaired.

N.C.G.S. § 18B-121 (1983).

beverages. We answer in the negative, and we thus reverse the Court of Appeals.

Plaintiffs alleged the following: On 5 December 1985 Wayne Scott Jordan (decedent), age nineteen, bought and consumed four "double shots" of tequila and four bottles of beer in the lounge located on the premises of defendant motel Inn West, which is owned or leased by the individual defendants other than defendant Debra Ara. Defendant Debra Ara, Inn West's employee, served the alcoholic beverages to decedent. Decedent became visibly intoxicated and left the lounge. While driving toward his home, decedent crashed his car near the Haywood-Buncombe county line. He died at 4:37 a.m. on 6 December 1985 from injuries sustained in the crash. Decedent's injuries were proximately caused by his negligent operation of a vehicle while under the influence of alcohol.

Plaintiffs asserted claims under the Wrongful Death Act, N.C.G.S. § 28A-18-2, and under the Dram Shop Act, N.C.G.S. § 18B-121. Defendant answered asserting various defenses, including contributory negligence. By order of 16 April 1987, the trial court granted defendants' motion pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) to dismiss on the ground that the complaint failed to state a claim upon which relief can be granted under either statute.

On appeal, the Court of Appeals affirmed the dismissal of the wrongful death claim and decedent's parents' individual claims under the Dram Shop Act, but it reversed the dismissal of the Dram Shop Act claim by the personal representative. Plaintiffs did not seek discretionary review; thus, the propriety of the dismissal of the wrongful death claim, and of the parents' individual claims under the Dram Shop Act,[2] is not before us. Defendants petitioned

---

2. In dismissing the parents' claims as individuals under the Dram Shop Act, the Court of Appeals stated: "Dismissal of the personal representative's claim under G.S. 18B-120 *et seq.* was error. However, dismissal of the claims of [the parents] as individuals was proper. A parent cannot maintain an action in his individual capacity for the wrongful death of his child." *Clark v. Inn West*, 89 N.C. App. 275, 279, 365 S.E. 2d 682, 685 (1988). As stated above, plaintiffs did not seek discretionary review; thus, their standing, as individuals, to sue under the Dram Shop Act is not before us.

We note, however, that parents are not expressly excluded from the definition of "aggrieved party" under N.C.G.S. § 18B-120(1). "Injury" is defined by subsection

for discretionary review of the reinstatement of the Dram Shop Act claim by the personal representative. On 7 September 1988 we allowed the petition.

Article 1A of Chapter 18B of the North Carolina General Statutes authorizes a claim for damages for injury caused by the negligent selling or furnishing of alcoholic beverages to underage persons. " 'Underage person' means a person who is less than the age legally required for purchase of the alcoholic beverage in question." N.C.G.S. § 18B-120(3) (1983). The age legally required for purchase of "spirituous liquor," such as the tequila here, is twenty-one. N.C.G.S. § 18B-302 (1983). An "aggrieved party has a claim for relief for damages against a permittee or local Alcohol Beverage Control Board" if the permittee or Board negligently sold or furnished an alcoholic beverage to an underage person and consumption of the beverage caused or contributed to impairment of the underage person and injury was proximately caused by the underage person's negligent operation of a vehicle while so impaired. N.C.G.S. § 18B-121 (1983). The term "aggrieved party" includes "a person who sustains an injury as a consequence of the actions of the underage person, but does not include the underage person . . . ." N.C.G.S. § 18B-120(1) (1983). Thus, had decedent lived, he could not have recovered for his injuries.

The Court of Appeals nevertheless held that the personal representative of decedent's estate was an aggrieved party and therefore could recover under N.C.G.S. § 18B-121. *Clark*, 89 N.C. App. at 279, 365 S.E. 2d at 685. The court stated:

(2) to include "loss of means of support"; subsection (2) further provides that "[n]othing in G.S. 28-18-2(a) or subdivision (1) of this section shall be interpreted to preclude recovery under this Article for loss of support . . . on account of . . . death of the underage person . . . ." N.C.G.S. § 18B-120(2) (1983). Thus, the statute does not preclude recovery by the parents for *loss of support* by their underage child, if the underage child in fact supported the parents.

Here, however, the complaint alleges only that the decedent *would have* provided income and support for his parents in the future. Support cannot be lost until it is in fact provided. Thus, the complaint does not allege sufficient facts to establish the parents' actual dependence on the decedent for income and support. *See Robertson v. White*, 11 Ill. App. 2d 177, 181, 136 N.E. 2d 550, 553 (1956) ("[T]here is no support in precedent in dram shop cases for damages based on a future potentiality of support not presently provable."). The trial court therefore properly dismissed the parents' individual claims brought under the Dram Shop Act.

　　　To determine who is the aggrieved party entitled to bring an action for damages under G.S. 18B-121, we must look not only to the definition of "aggrieved party" in G.S. 18B-120(1) but also to the wrongful death statute. "All statutes dealing with the same subject matter are to be construed *in pari materia*—i.e., in such a way as to give effect, if possible, to all provisions." . . . Under the wrongful death statute, the personal representative of the deceased is the proper plaintiff. . . . Construing the statutes together, as we must, the personal representative is the aggrieved party. Dismissal of the personal representative's claim under G.S. 18B-120 *et seq.* was error.

*Id.* at 278-79, 365 S.E. 2d at 685 (citations omitted).

　　　We disagree with this conclusion. The plain language of the statute precludes the underage person from recovering for his own injuries. N.C.G.S. § 18B-120 (1983). The wrongful death statute provides for survivorship only of claims that could have been brought by the decedent had he lived. N.C.G.S. § 28A-18-2 (1984); *Carver v. Carver*, 310 N.C. 669, 673, 314 S.E. 2d 739, 742 (1984). Here, the decedent could not have maintained an action for his own injuries because the underage person is excluded from the definition of an aggrieved party in N.C.G.S. § 18B-120(1). Therefore, no claim survives his death, and his personal representative may not maintain an action under the Dram Shop Act.

　　　This decision comports with the modern view that the intoxicated person may not recover against a seller or server of intoxicating beverages for self-inflicted damage. 1 J. Mosher, *Liquor Liability Law* § 3.03 (1988). Even absent express statutory preclusion such as that present here, "most courts interpret these statutes to preclude such causes of action." *Id.* at 3-7. "If relief is denied to a drinker, neither the intoxicated person *nor his estate* may sue." *Id.* at 3-9 (emphasis added). We agree with the Iowa Supreme Court that "the . . . Dram Shop Act was passed to aid in the protection of the public from damages inflicted on it by intoxicated persons, but this does not mean the Act . . . was intended to allow a person who overindulges to recoup his losses incurred as a result of his intoxication." *Evans v. Kennedy*, 162 N.W. 2d 182, 186 (Iowa 1968) (construing Iowa dram shop statute to deny claim on behalf of estate of fatally injured intoxicated

person against liquor licensees who served him). Our General Assembly expressly has denied a right of recovery under the Dram Shop Act to the intoxicated decedent himself. We believe it is equally clear that it did not intend to allow the intoxicated decedent's personal representative, who merely stands in his stead,[3] to recover damages caused by the decedent's own indiscretions.

Accordingly, the decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals with instructions to remand to the Superior Court, Haywood County, for reinstatement of the order dismissing the claims.

Reversed.

---

     3. *See* N.C.G.S. § 28A-18-1 (1984); 2 N. Wiggins, *Wills and Administration of Estates in North Carolina* § 241 (1964).