SORRELLS v. M.Y.B. HOSPITALITY VENTURES OF ASHEVILLE

[105 N.C. App. 705 (1992)]

---

LINDA SORRELLS, ADMINISTRATRIX OF THE ESTATE OF TRAVIS CAIN SORRELLS, PLAINTIFF v. M.Y.B. HOSPITALITY VENTURES OF ASHEVILLE, D/B/A RHAPSODY'S FOOD AND SPIRITS, DEFENDANTS

No. 9130SC184

(Filed 17 March 1992)

**Intoxicating Liquor § 24 (NCI3d) — serving drunken patron — contributory negligence — 12(b)(6) dismissal — inappropriate**

The trial court erred by granting defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff brought a wrongful death action for serving the decedent a large drink containing various liquors after being informed that decedent was driving and did not need another drink. While contributory negligence will bar a recovery for damages caused by negligence, allegations of the willful and wanton negligence of the defendant would survive a finding that the decedent was contributorily negligent.

**Am Jur 2d, Intoxicating Liquors § 265.**

**Contributory negligence allegedly contributing to cause of injury as defense in Civil Damages Act proceeding. 64 ALR3d 849.**

APPEAL by plaintiff from order entered 3 January 1991 by *Judge J. Marlene Hyatt* in HAYWOOD County Superior Court. Heard in the Court of Appeals 14 November 1991.

The plaintiff's evidence tends to show the following: On or about 21 May 1990 the plaintiff's intestate, a twenty-one year old student at Haywood Community College, and three of his friends (Carla Jacobson, Lisa Durham and a young man identified only as Tim) went to the defendant's place of business in Asheville, Rhapsody's Food and Spirits. Upon arrival the group ordered drinks. The intestate ordered a shot of tequila. Later, the intestate tried to order another drink from a waitress. However, Carla Jacobson intervened and told the waitress that the intestate had driven his vehicle to Rhapsody's, that he was driving home and that he should not be served any more alcoholic beverages. The waitress refused to take the intestate's order.

The intestate and Tim then left the table and went to the restroom. While the intestate was away the waitress returned and asked Ms. Jacobson and Lisa Durham whether the two men really wanted another drink. Once again, Ms. Jacobson told the waitress that the intestate was driving and that he and Tim had already had "plenty to drink." When the intestate and Tim returned from the restroom, the waitress again came over to "check on them." The intestate and Tim tried again to order another drink. The waitress asked who was driving. Ms. Jacobson and Ms. Durham intervened again and told the waitress that the intestate was driving and that the men did not need another drink. The waitress said "OK" and left the table. At that point both men were red faced, had red eyes and their speech was slow.

After a few minutes the intestate and Tim went to the restroom again. When they came out of the restroom, they went to the bar. The waitress then walked over to Ms. Jacobson and Ms. Durham and told them that the two men were ordering drinks at the bar. The waitress also told them that she had told the manager what Ms. Jacobson and Ms. Durham had said to her about not serving the two men and that the manager told the bartender to go ahead and serve them anyway. The waitress apologized.

The bartender served the intestate and Tim a glass of Ice Age Tea, a large drink containing various liquors. Tim fell asleep. The intestate, finished his drink and started to leave. He refused both girls' requests that he not drive as well as their requests

that he allow someone else to drive him home. The intestate got in his automobile and attempted to follow Ms. Jacobson home. However, while en route home he lost control of his car and struck a bridge abutment on Interstate Highway 26 and was killed.

Plaintiff sued for wrongful death alleging negligence and "willful, wanton and gross negligence" on the part of the defendant. The defendant made a Rule 12(b)(6) motion to dismiss which the trial court granted. Plaintiff appeals.

*McLean & Dickson, P.A., by Russell L. McLean, III, for plaintiff-appellant.*

*Harrell & Leake, by Larry Leake, for defendant-appellee.*

EAGLES, Judge.

The sole issue before us is whether the trial court erred by granting the defendant's motion to dismiss. We hold that the trial court did err and accordingly we reverse.

The essential question in considering the appropriateness of a Rule 12(b)(6) motion is whether the complaint, when liberally construed and taken to be true, states a claim upon which relief can be granted. *See Barnaby v. Boardman*, 70 N.C. App. 299, 302, 318 S.E.2d 907, 909 (1984), *rev'd on other grounds*, 313 N.C. 565, 330 S.E.2d 600 (1985); and *Peele v. Provident Mut. Life Ins. Co.*, 90 N.C. App. 447, 449, 368 S.E.2d 892, 893, *disc. review denied and appeal dismissed*, 323 N.C. 366, 373 S.E.2d 547 (1988). Here, the plaintiff alleges that the "wilful, wanton and gross negligence" of the defendant proximately caused the intestate's death. The defendant, however, argues that the plaintiff was contributorily negligent as a matter of law and is therefore barred from recovery. *Brower v. Robert Chapel & Assoc., Inc.*, 74 N.C. App. 317, 328 S.E.2d 45, *disc. review denied*, 314 N.C. 537, 335 S.E.2d 313 (1985); *Clark v. Inn West*, 89 N.C. App. 275, 365 S.E.2d 682, *rev'd on other grounds*, 324 N.C. 415, 379 S.E.2d 23 (1989). We agree that the intestate here was contributorily negligent as a matter of law. *Brower* at 319-20, 279 S.E.2d at 47. However,

> [i]t is well established that a party's contributory negligence will not preclude recovery for injuries proximately caused by other's willful and wanton negligence. *Fry v. Southern Public Utilities Co.*, 183 N.C. 282, 111 S.E. 354 (1922). . . . The concept of willful and wanton negligence was explained by our Supreme

Court in *Foster v. Hyman*, 197 N.C. 189, 191, 148 S.E. 36, 37-38 (1929):

> An act is done willfully when it is done purposely and deliberately in violation of law (citations omitted), or when it is done knowingly and of set purpose, or when the mere will has free play, without yielding to reason. (Citation omitted). "The true conception of willful negligence involves a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, which duty the person owing it has assumed by contract, or which is imposed on the person by operation of law." (Citation omitted).

> An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others. (Citations omitted). A breach of duty may be wanton and wilful while the act is yet negligent. . . . (Citation omitted).

*Robinson v. Seaboard System Railroad*, 87 N.C. App. 512, 519-20, 361 S.E.2d 909, 914 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988).

Here, the plaintiff has alleged sufficient facts of the defendant's gross negligence, under the foregoing definitions, to survive the defendant's Rule 12(b)(6) motion to dismiss. Plaintiff alleged that the intestate's waitress was requested by intestate's companions on three separate occasions that she not serve alcohol to the intestate because he was going to drive home and he had already had too much to drink. The complaint also alleges that when the intestate went to the bar to order another drink, the waitress told the manager what the intestate's companions had told her. The manager disregarded this information, observed the plaintiff's intestate and instructed his bartender to go ahead and serve the intestate a large mixed drink despite the waitress' warnings.

We conclude that these allegations are sufficient to state a claim for injuries caused by the defendant's wilful and wanton negligence. Accordingly, the Rule 12(b)(6) motion was improperly allowed. We base our ruling on the premise that while contributory negligence will bar a recovery for damages caused by negligence, allegations of the willful and wanton negligence of the defendant

would survive a finding that the intestate was contributory negligent as a matter of law because he drove while impaired.

On remand the jury will consider whether the evidence shows that defendant's conduct amounts to wilful and wanton negligence. If so, the additional issue that may arise is whether the actions of the plaintiff's intestate in refusing requests not to drive himself and in refusing to allow someone else to drive him home were sufficient to establish contributory wilful and wanton negligence.

Reversed and remanded.

Judges JOHNSON and ORR concur.