**SORRELLS v. M.Y.B. HOSPITALITY VENTURES OF ASHEVILLE**

[332 N.C. 645 (1992)]

LINDA SORRELLS, Administratrix of the Estate of TRAVIS CAIN SORRELLS v. M.Y.B. HOSPITALITY VENTURES OF ASHEVILLE, D/B/A RHAPSODY'S FOOD AND SPIRITS

No. 153PA92

(Filed 19 November 1992)

**Intoxicating Liquor § 43 (NCI4th)— serving drunken patron— contributory negligence—dismissal proper**

The trial court did not err, as the Court of Appeals held, by dismissing plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) where decedent was killed after losing control of his vehicle and striking a bridge abutment and plaintiff, the administratrix of decedent's estate, brought an action against defendant alleging negligence and gross negligence based on serving alcohol to an intoxicated consumer with knowledge that the consumer would thereafter drive and cause injuries that were reasonably foreseeable. Plaintiff's negligence claim would be barred by contributory negligence in that decedent drove while impaired. The rule that decedent's contributory negligence is not a bar to recovery if defendant's acts were sufficient to establish willful and wanton negligence does not apply because, to the extent that the allegations in the complaint establish more than ordinary negligence on the part of defendant, they also establish a similarly high degree of contributory negligence on the part of decedent.

**Am Jur 2d, Intoxicating Liquors §§ 553-614.**

**Right to recover under civil damage or dramshop act for death of intoxicated person. 64 ALR2d 705.**

**Contributory negligence allegedly contributing to cause of injury as defense in Civil Damages Act proceeding. 64 ALR3d 849, sec. 1.**

**Liability of persons furnishing intoxicating liquor for injury to or death of consumer outside coverage of civil damage acts. 98 ALR3d 1230.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of the Court of Appeals, 105 N.C. App. 705, 414 S.E.2d 372 (1992), reversing an order entered by Hyatt, J., in the Superior Court, Haywood County, at the 1 January 1991 Administrative Ses-

SORRELLS v. M.Y.B. HOSPITALITY VENTURES OF ASHEVILLE

[332 N.C. 645 (1992)]

sion, granting defendant's Rule 12(b)(6) motion to dismiss. Heard in the Supreme Court 7 October 1992.

*Russell L. McLean, III, for plaintiff-appellee.*

*Harrell & Leake, by Larry Leake, for defendant-appellant.*

FRYE, Justice.

Defendant contends that the Court of Appeals erred in reversing the trial court's order granting defendant's Rule 12(b)(6) motion to dismiss. The underlying issue in this case is whether the personal representative of the estate of a twenty-one-year-old who was fatally injured as a result of driving while in a highly intoxicated state may recover in a wrongful death action against the seller of the alcohol. We hold that recovery in this case is barred. Therefore, we reverse the decision of the Court of Appeals and remand for reinstatement of the trial court's order dismissing plaintiff's complaint.

I.

In evaluating a Rule 12(b)(6) motion to dismiss, we must take the factual allegations in plaintiff's complaint as true. *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 286, 395 S.E.2d 85, 87 (1990). The allegations of the complaint establish the following facts: On or about 21 May 1990, Travis Cain Sorrells, the twenty-one-year-old decedent, and three friends went to Rhapsody's Food and Spirits, defendant's place of business in Asheville, North Carolina. Upon arrival at Rhapsody's, the decedent ordered and then consumed a shot of tequila. Thereafter, the decedent attempted to order another drink. Upon being informed by one of the decedent's friends (Carla Jacobson) that the decedent was driving and should not be served any more alcohol, the waitress refused to accept decedent's order for another drink.

When the decedent and a male friend ("Tim") left the table to visit the restroom, the waitress returned to the table to find out whether the two young men really wanted another drink. The waitress was told that the decedent was driving and had already had enough to drink. After the men returned to the table, the waitress checked on the group again. The decedent told the waitress that he wanted another shot of tequila. At that point, the waitress asked who was driving. She was again advised that the decedent was driving and that he should not be served another drink. At

that time, both men were highly intoxicated and showed visible signs of impairment.

A few minutes later, the decedent and Tim went to the restroom again, stopping at the bar on their way back to the table. The waitress returned to their table to inform the two young women there that the decedent and Tim had ordered drinks at the bar. She further stated that she told the manager that she had been advised not to serve the men but the manager told the bartender to go ahead and serve them. The decedent was served a glass of "Ice Age Tea," a large drink made with various liquors and alcoholic spirits.

After the decedent finished his drink, his companions asked him not to drive home and offered to have someone else drive him. The decedent refused these requests and proceeded to drive himself. While on Interstate Highway 26, he lost control of the vehicle, struck a bridge abutment and was killed.

Plaintiff, the administratrix of the decedent's estate, sued defendant for wrongful death, alleging negligence and gross negligence. The trial court granted defendant's Rule 12(b)(6) motion to dismiss based on decedent's contributory negligence. Plaintiff appealed to the Court of Appeals, which reversed the trial court and remanded the case for trial. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 105 N.C. App. 705, 414 S.E.2d 372 (1992). We allowed defendant's petition for discretionary review. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 331 N.C. 555, 417 S.E.2d 803 (1992).

## II.

Our wrongful death statute, N.C.G.S. § 28A-18-2, provides that the fiduciary of an estate may only pursue such actions for damages as the decedent could have brought had he lived. *Carver v. Carver*, 310 N.C. 669, 673, 314 S.E.2d 739, 742 (1984). The question before us now is whether decedent could have brought a negligence action against defendant had he lived.

Plaintiff bases this action on the premise that defendant was negligent in two ways: first, by "violat[ing] N.C.G.S. 18B" and second, by serving alcohol to an intoxicated consumer with knowledge that the consumer would thereafter drive and cause injuries that were reasonably foreseeable. We have recognized that both of these bases may support a recovery for injuries to third parties. *See Clark v. Inn West*, 324 N.C. 415, 379 S.E.2d 23 (1989) (N.C.G.S.

§ 18B-121 creates a cause of action for damages for injuries to an "aggrieved person"); *Hart v. Ivey*, 332 N.C. 299, 420 S.E.2d 174 (1992) (complaint against a social host who served alcohol to a person who drove while intoxicated and injured a third party stated a claim for negligence at common law). However, we conclude that defendant's motion to dismiss was properly granted since plaintiff's complaint "discloses an unconditional affirmative defense which defeats the claim asserted [and] pleads facts which deny the right to any relief on the alleged claim." *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970).

In this state, a plaintiff's contributory negligence is a bar to recovery from a defendant who commits an act of ordinary negligence. *Adams v. Board of Education*, 248 N.C. 506, 511, 103 S.E.2d 854, 857 (1958). The Superior Court and the Court of Appeals both found that the allegation that decedent drove his vehicle while impaired established contributory negligence as a matter of law. *Sorrells*, 105 N.C. App. at 707, 414 S.E.2d at 374. Thus, plaintiff's claim would be barred if defendant was merely negligent.

However, plaintiff argues and the Court of Appeals held that defendant's acts of serving the visibly intoxicated decedent alcohol after being requested to refrain from serving him were sufficient to constitute willful and wanton negligence, such that the decedent's contributory negligence would not act as a bar to recovery. *Id.* at 708, 414 S.E.2d at 374. While we recognize the validity of the rule upon which the Court of Appeals relied, we do not find it applicable in this case. Instead, we hold that plaintiff's claim is barred as a result of decedent's own actions, as alleged in the complaint, which rise to the same level of negligence as that of defendant.

It is admitted in this case that decedent, a willing consumer of alcohol, drove his vehicle while highly intoxicated. He did so in violation of. N.C.G.S. § 20-138.1. That statute provides that one who drives on a highway "[w]hile under the influence of an impairing substance" commits the misdemeanor offense of impaired driving. This Court has held that a willful violation of this statute constitutes culpable negligence. *State v. McGill*, 314 N.C. 633, 637, 336 S.E.2d 90, 92 (1985). Proof of both a willful violation of the statute and a causal connection between the violation and a death is all that is needed to support a successful prosecution for manslaughter. *Id.* at 636, 336 S.E.2d at 92. Plaintiff cannot dispute

either of these elements under the facts as alleged in the complaint. In fact, to the extent the allegations in the complaint establish more than ordinary negligence on the part of defendant, they also establish a similarly high degree of contributory negligence on the part of the decedent. Thus, we conclude that plaintiff cannot prevail.

In reaching our decision, we note that the same result has been reached by a majority of states that have considered this issue. *See, e.g., Smith v. The 10th Inning, Inc.*, 49 Ohio 3d 289, 551 N.E.2d 1296 (1990) (Supreme Court of Ohio held that an intoxicated patron has no cause of action against a liquor permit holder where the injury sustained by the patron off the premises of the permit holder was proximately caused by the patron's own intoxication); *Davis v. Stinson*, 508 N.E.2d 65 (Ind. App. 4 Dist. 1987) (an intoxicated driver's operation of an automobile upon a public highway constitutes willful and wanton misconduct which bars recovery against the provider of alcohol for injuries to the driver); *Sheehy v. Big Flats Community Day, Inc.*, 73 N.Y.2d 629, 636, 543 N.Y.S.2d 18, 22, 541 N.E.2d 18, 22 (1989) ("the courts of this State have consistently refused to recognize a common-law cause of action against providers of alcoholic beverages in favor of persons injured as a result of their own voluntary intoxication."); *Bertelmann v. Taas Associates*, 69 Haw. 95, 100, 735 P.2d 930, 933 (1987) (Supreme Court of Hawaii rejected "the contention that intoxicated liquor consumers can seek recovery from the bar or tavern which sold them alcohol. Drunken persons who harm themselves are solely responsible for their voluntary intoxication and cannot prevail under a common law or statutory basis."); *Reed v. Black Caeser's Forge Gourmet Restaurant, Inc.*, 165 So.2d 787, 788 (Fla. App. 1964), *cert. denied*, 172 So.2d 597 (Fla. 1965) (Complaint did not state a cause of action because "the death of the plaintiff's husband was the result of his own negligence or his own voluntary act of rendering himself incapable of driving a car rather than the remote act of the defendant in dispensing the liquor[.]").

Accordingly, plaintiff's wrongful death claim against the provider of the alcohol is barred by the decedent's own actions as alleged in the complaint. Thus, the trial court correctly dismissed plaintiff's complaint pursuant to Rule 12(b)(6).

The decision of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for reinstatement of the trial court's order dismissing plaintiff's complaint.

REVERSED AND REMANDED.