BELINDA M. STORCH AND JULIUS CLEMONS STORCH, III, PLAINTIFFS V.
WINN-DIXIE CHARLOTTE, INC., DEFENDANT

No. COA01-375

(Filed 19 March 2002)

**Alcoholic Beverages— Dram Shop claim—parent of underage impaired driver**

The trial court correctly denied defendant's motion for a judgment notwithstanding the verdict in an action under the Dram Shop Act by the parents of an intoxicated eighteen-year-old who died in a single car accident. A parent of an underage person who

dies from injuries proximately resulting from his operation of a motor vehicle while impaired after consuming alcohol negligently sold by a permittee may be included within the class of people known as "aggrieved parties" under N.C.G.S. § 18B-120(1) and may recover damages for his or her "injury," including damages pursuant to N.C.G.S. § 28A-18-2(b).

Appeal by defendant from order entered 4 April 2000, judgment entered 28 July 2000, and order entered 21 September 2000 by Judge B. Craig Ellis in Cumberland County Superior Court. Heard in the Court of Appeals 10 January 2002.

*Mitchell, Brewer, Richardson, Adams, Burns & Boughman, by Ronnie M. Mitchell and Coy E. Brewer, Jr., for plaintiff-appellees.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Dayle A. Flammia and Bryan T. Simpson, for defendant-appellant.*

MARTIN, Judge.

Plaintiffs are the parents of Jason Paul Storch, who died in a single car accident on 19 September 1998 in Avery County. Plaintiffs brought this action under Chapter 18B, Article 1A of the North Carolina General Statutes, North Carolina's Dram Shop Act, alleging that Jason, who was eighteen years old at the time of his death, was intoxicated after having consumed alcohol which he purchased from defendant's store in Boone, N.C. prior to the fatal accident. Plaintiffs sued in their individual capacities, alleging they have suffered damages as a result of defendant's negligent sale of alcohol to Jason and are "aggrieved parties" within the meaning of the Act. Defendant filed answer denying it sold or furnished alcohol to Jason and alleging affirmative defenses. Defendant's motion to dismiss and motion for summary judgment were denied, and the issues were tried by a jury. The jury found that plaintiffs were injured as a result of defendant's sale of alcoholic beverages to an underage person and awarded damages in the amount of $50,000 to each plaintiff. The trial court entered judgment on the jury's verdict and denied defendant's motions for judgment notwithstanding the verdict and, alternatively, for a new trial. Defendant appeals.

The sole issue presented by this appeal is whether the parents of an underage person who dies from injuries proximately resulting

from his operation of a motor vehicle while impaired after consuming alcoholic beverages sold or furnished to him in violation of G.S. § 18B-302(a) may be "aggrieved parties" within the meaning of G.S. § 18B-120 *et seq.*, North Carolina's "Dram Shop Act." We answer affirmatively.

Article 1A of Chapter 18B of the North Carolina General Statutes authorizes a claim by an "aggrieved party" for damages for injury proximately caused by the negligent selling of alcoholic beverages to an underage person. G.S. § 18B-121 provides:

> An aggrieved party has a claim for relief for damages against a permittee or local Alcoholic Control Board if:
>
> (1) The permittee or his agent or employee or the local board or its agent or employee negligently sold or furnished an alcoholic beverage to an underage person; and
>
> (2) The consumption of the alcoholic beverage that was sold or furnished to an underage person caused or contributed to, in whole or in part, an underage driver's being subject to an impairing substance within the meaning of G.S. 20-138.1 at the time of the injury; and
>
> (3) The injury that resulted was proximately caused by the underage driver's negligent operation of a vehicle while so impaired.

An "aggrieved party" is defined as "a person who sustains an injury as a consequence of the actions of the underage person, but does not include the underage person . . . ." N.C. Gen. Stat. § 18B-120(1). Because the underage person is expressly excluded from the definition of "aggrieved party" in G.S. § 18B-120(1), his personal representative is also excluded and may not maintain an action for wrongful death under the Dram Shop Act, since the personal representative may only bring a claim which could have been brought by the decedent if he had lived. *Clark v. Inn West*, 324 N.C. 415, 379 S.E.2d 23 (1989).

In *Clark v. Inn West*, *supra*, the question before the Supreme Court was whether the personal representative of the estate of an underage person who died as a result of injuries sustained in an accident caused by his impaired driving after the consumption of alcohol could maintain an action under the Dram Shop Act. As noted above, the Court held that because G.S. § 28A-18-2 provides for the survivor-

ship of claims by a personal representative only if such claim could have been brought by the decedent if he had lived, and the underage person is expressly excluded from the definition of an "aggrieved party" contained in G.S. § 18B-120(1), the personal representative could not maintain an action under G.S. § 18B-121. Notably, however, even though the question of the standing of the parent of an underage person to maintain such an action, individually, was not before the Court, the Court noted that a parent of the underage person is not expressly excluded from the definition of an "aggrieved party." *Clark*, 324 N.C. at 417-18, fn.2, 379 S.E.2d at 24, fn.2. The Court went on to examine the definition of "injury" contained in G.S. § 18B-120(2) and concluded that the statute "does not preclude recovery for *loss of support* by their underage child, if the underage child in fact supported the parents." *Id.* at 418, 379 S.E.2d at 24.

The Court's analysis with respect to the parent's standing to bring the action as individuals was unnecessary to its decision and, as *dictum*, is not binding precedent. *In re University of North Carolina*, 300 N.C. 563, 576, 268 S.E.2d 472, 480 (1980). Nevertheless, such analysis is directly relevant to the issue before us and we adopt it. "A remedial statute must be construed broadly, in light of the evils sought to be remedied and the objectives to be attained." *Wade v. Wade*, 72 N.C. App. 372, 379, 325 S.E.2d 260, 267-68 (1985) (citation omitted), *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616 (1985). Thus, we hold that a parent of an underage driver injured or killed as a result of such underage driver's negligent operation of a motor vehicle due to impairment resulting from the consumption of alcohol may be an "aggrieved party" within the meaning of G.S. § 18B-120(1) so as to have standing to maintain an action under the Dram Shop Act if such parent suffers an *injury* as a proximate result of the negligent selling of alcoholic beverages to the underage person.

The term "injury" under the statute

includes, but is not limited to, personal injury, property loss, loss of means of support, or death. Damages for death shall be determined under the provisions of G.S 28A-18-2((b). Nothing in G.S. 28A-18-2(a) or subdivision (1) of this section shall be interpreted to *preclude recovery under this Article for . . . death on account of injury to or death of the underage person . . . .*"

N.C. Gen. Stat. § 18B-120(2) (emphasis added). Clearly, under subsection (2), a parent of an underage person killed as a result of his own impaired driving would be an "aggrieved party" to the extent

the parent's automobile was damaged as a consequence of the underage person's impaired driving and would have standing to maintain an action under G.S. § 18B-121. In addition, the last sentence of subsection (2) expressly renders inapplicable the limitation of G.S. § 28A-18-2(a) restricting the right of recovery of damages for death of the underage person to the personal representative. Indeed, as the Supreme Court must have recognized in its analysis of the statute in *Clark*, if the last sentence of subsection (2) were interpreted otherwise, G.S. § 28A-18-2(a) would preclude a parent from recovering for loss of support by the underage child.

Subsection (2) provides that damages for death be determined as directed by G.S. § 28A-18-2(b). As applicable to the parent of the underage person, "injury" would include funeral expenses of the underage person, G.S. § 28A-18-2(b)(3), as well as damages for loss of services, G.S. § 28A-18-2(b)(4)b, society, companionship, etc., G.S. § 28A-18-2(b)(4)c, and loss of support. N.C. Gen. Stat. § 18B-120(2); *Clark*, *supra*. Thus, even though an action for wrongful death is reserved to the personal representative of the decedent and a parent, individually, may not maintain a wrongful death action for death of his or her child, *Killian v. R.R.*, 128 N.C. 261, 38 S.E. 873 (1901), damages under G.S. § 28A-18-2(b) may be available, in a completely distinct claim under the Dram Shop Act to the parent of an underage child who negligently drove a motor vehicle while impaired by alcohol and died from injuries sustained as a proximate result thereof.

In summary, we hold that a parent of an underage person who dies from injuries proximately resulting from his operation of a motor vehicle while impaired after consuming alcohol negligently sold by a permittee may be included within the class of persons known as "aggrieved parties" under G.S. § 18B-120(1), and may recover damages for his or her "injury," including damages pursuant to G.S. § 28A-18-2(b).

No error.

Judges TIMMONS-GOODSON and BRYANT concur.