JACKSON, Justice.
**455 In this case we are asked to consider whether North Carolina recognizes plaintiff's first-party claim for dram shop liability and if so, whether that claim is barred by the contributory negligence of the decedent.
**456 Based upon our conclusion that plaintiff cannot recover because of the decedent's contributory negligence, we do not reach plaintiff's first-party dram shop claim and therefore hold that discretionary review was improvidently allowed on that issue. For the reasons stated below, we reverse the decision of the Court of Appeals.
When evaluating a motion to dismiss pursuant to Rule 12(b)(6), we accept the "factual allegations in a complaint as true." Turner v. Thomas , 369 N.C. 419, 424, 794 S.E.2d 439, 444 (2016) (quoting Fussell v. N.C. Farm Bureau Mut. Ins. Co. , 364 N.C. 222, 225, 695 S.E.2d 437, 440 (2010) ). Here the complaint alleges the following: On 5 October 2012, plaintiff Thomas A.E. Davis, and plaintiff's wife, the decedent Lisa Mary Davis, checked into the Crowne Plaza Tennis & Golf Resort in Asheville, North Carolina, to celebrate their wedding anniversary. Defendants Hulsing Enterprises, LLC and Hulsing Hotels, Inc. own and operate this resort hotel, as well as a restaurant and bar called Mulligan's, which is located within the hotel. Shortly after checking into the hotel, the couple decided to have dinner at Mulligan's. During the course of four and a half hours, the couple ate dinner and ordered twenty-four alcoholic beverages. The decedent consumed at least ten of the drinks and became visibly intoxicated. As the Davises walked down a hallway after leaving Mulligan's, the decedent fell down. She was so intoxicated that an employee of defendants arrived with a wheelchair to transport the decedent to her room. After assisting the decedent into the wheelchair, the employee helped her to her hotel room and onto her bed. When plaintiff awoke the next morning, he found his wife lying on the floor deceased. The cause of death later was determined to be acute ethanol (alcohol) poisoning.
On 15 July 2013, plaintiff, the administrator of the decedent's estate, filed a complaint for wrongful death, alleging the following causes of action: (1) common law dram shop liability; (2) negligent aid, rescue, or assistance; and (3) punitive damages. Plaintiff's dram shop claim alleged that defendants were negligent per se because they violated N.C.G.S. § 18B-305 by knowingly selling and giving alcoholic beverages to the decedent, an intoxicated person. On 13 August 2013, defendants filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim for which relief can be granted under the laws of North Carolina. Defendants filed their answer on 8 November 2013 and raised several affirmative defenses, including contributory negligence. On 25 November 2013, the trial court entered an order dismissing plaintiff's common law dram shop and related punitive damages claims. The parties proceeded to a jury trial on the negligent rescue and remaining punitive damages **457 claims. On 23 October 2014, the trial court entered a judgment dismissing the action after a jury found that the decedent's death was not proximately caused by the negligence of defendants. Plaintiff appealed to the Court of Appeals. On appeal, plaintiff contested only the dismissal of his common law dram shop claim. Davis v. Hulsing Enters. , --- N.C. App. ----, ----, 783 S.E.2d 765, 768 (2016). *205 The Court of Appeals determined that plaintiff had stated a valid negligence per se dram shop claim pursuant to N.C.G.S. § 18B-305(a) and therefore reversed the trial court's order dismissing that claim. Id. at ----, ----, 783 S.E.2d at 772, 773. The majority concluded that defendants breached their duty to not sell or give alcoholic beverages to the decedent and opined that it was reasonable that defendants should have foreseen the injuries caused by their conduct. Id. at ----, 783 S.E.2d at 769-70. In reaching these conclusions, the majority ultimately determined that the decedent's death was "the direct and proximate result of" defendants' negligence. Id. at ----, 783 S.E.2d at 770. In contrast, the dissenting judge reasoned that, although plaintiff alleged facts sufficient to support a claim of negligence per se, plaintiff also alleged facts that demonstrated that the decedent "acted negligently in proximately causing her own death." Id. at ----, 783 S.E.2d at 774 (Dillon, J., dissenting). Defendants appealed the decision of the Court of Appeals to this Court based upon the dissenting opinion. In addition, we allowed discretionary review to address defendants' proposed issue as to whether North Carolina recognizes a first-party cause of action for dram shop liability.
Defendants argue that the factual allegations of plaintiff's complaint establish the decedent's contributory negligence. Because we agree, we do not reach the issue of the first-party dram shop claim.
When evaluating the legal sufficiency of plaintiff's complaint, "the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." Stanback v. Stanback , 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citing Newton v. Standard Fire Ins. Co. , 291 N.C. 105, 229 S.E.2d 297 (1976) ).
Our opinion in Sorrells v. M.Y.B. Hospitality Ventures of Asheville , 332 N.C. 645, 423 S.E.2d 72 (1992), is both instructive and controlling in this case. Similar to the circumstances in this case, the claim in Sorrells was brought by the administrator of the estate of a person who was fatally injured after driving while in a highly intoxicated state. Id. at 646, 423 S.E.2d at 72. The representative of the decedent's estate sued a bar for wrongful death, alleging negligence and gross negligence.
**458 Id. at 647, 423 S.E.2d at 73. The estate alleged in its complaint that the twenty-one-year-old decedent and one or more of his friends were intoxicated, that their waitress was informed on at least three separate occasions by the decedent's friends that he was driving and should not be served more alcohol, and that, nevertheless, the bartender served the decedent more alcohol. Id. at 646-47, 423 S.E.2d at 72-73. After consuming his last drink, the decedent proceeded to drive himself-against the advice of his friends-lost control of his vehicle on the interstate highway, and struck a bridge abutment. Id. at 647, 423 S.E.2d at 73.
The trial court dismissed the estate's claim based upon the decedent's contributory negligence, and the estate appealed to the Court of Appeals, which reversed the trial court. Id. at 647, 423 S.E.2d at 73. On appeal to this Court, the estate argued that the claim should not be dismissed because the bar acted with willful and wanton negligence. Id. at 648, 423 S.E.2d at 74. This Court concluded that plaintiff's complaint alleged facts which denied the right to relief and that the trial court properly granted defendant's motion to dismiss. Id. at 648-49, 423 S.E.2d at 73-74. Specifically, the Court stated that "defendant's motion to dismiss was properly granted since plaintiff's complaint 'discloses an unconditional affirmative defense which defeats the claim asserted [and] pleads facts which deny the right to any relief on the alleged claim.' " Id. at 648, 423 S.E.2d at 73 (alteration in original) (quoting Sutton v. Duke , 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970) ).
Here plaintiff's complaint alleges that defendants were negligent in "serv[ing] at least one and more likely, several additional intoxicating liquor drinks" to the decedent after "her mental and/or physical faculties were appreciably and noticeably impaired." Plaintiff also alleges facts indicating that this negligence was the "direct and proximate" cause of her death. Nonetheless, even if plaintiff's dram shop claim is valid, it is well *206 established that "a plaintiff's contributory negligence is a bar to recovery from a defendant who commits an act of ordinary negligence." Id. at 648, 423 S.E.2d at 73-74 (citing Adams ex rel. Adams v. State Bd. of Educ. , 248 N.C. 506, 511, 103 S.E.2d 854, 857 (1958) ).
Turning to the statute governing the claim raised here-the wrongful death statute- N.C.G.S. § 28A-18-2 provides for survivorship of only those claims that could have been brought by the decedent herself had she lived. Carver v. Carver , 310 N.C. 669, 673, 314 S.E.2d 739, 742 (1984). Because this claim is being brought by the administrator of the decedent's estate, this claim is subject to the affirmative defense of contributory negligence. See generally Sorrells , 332 N.C. 645, 423 S.E.2d 72.
**459 Plaintiff argues on appeal that because the decedent's death was proximately caused by defendants' gross negligence, only gross contributory negligence on the part of the decedent would bar recovery. As the Court of Appeals majority highlighted, a plaintiff's ordinary contributory negligence is not a bar to recovery when a "defendant's gross negligence, or willful or wanton conduct, is a proximate cause of the plaintiff's injuries." Yancey v. Lea , 354 N.C. 48, 51, 550 S.E.2d 155, 157 (2001) (citation omitted); see also Sorrells , 332 N.C. at 648, 423 S.E.2d at 73-74. "An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." Yancey , 354 N.C. at 52, 550 S.E.2d at 157 (citations omitted). We conclude here, as we did in Sorrells , that the actions of both the decedent and defendants rise to the same level of negligence, thereby barring plaintiff's common law dram shop claim.
The events leading up to the decedent's death are undeniably tragic; however, in this State contributory negligence precludes recovery for a plaintiff when, as here, the complaint alleges facts that demonstrate the plaintiff's decedent exhibited the same level of negligence as the defendant. Accordingly, we conclude here, as we did in Sorrells , that the trial court properly granted defendants' motion to dismiss because plaintiff's complaint "discloses an unconditional affirmative defense which defeats the claim asserted [and] pleads facts which deny the right to any relief on the alleged claim." Sorrells , 332 N.C. at 648, 423 S.E.2d at 73 (alteration in original) (quoting Sutton , 277 N.C. at 102, 176 S.E.2d at 166 ).
For the foregoing reasons, we reverse the decision of the Court of Appeals that reversed the trial court's 25 November 2013 order dismissing plaintiff's common law dram shop claim for failure to state a claim under Rule 12(b)(6) and further conclude that defendants' petition for discretionary review as to the additional issue was improvidently allowed.
REVERSED; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.