Justice HUDSON dissenting.
Here the majority concludes that plaintiff's dram shop claim is barred because the complaint establishes the decedent's contributory negligence as a matter of law, based largely on Sorrells v. M.Y.B. Hospitality Ventures of Asheville , 332 N.C. 645, 423 S.E.2d 72 (1992). The majority also asserts that the actions of the decedent and defendants rise to the same level of negligence, barring plaintiff's claim. I disagree with **460 the application of Sorrells and conclude that the complaint sufficiently alleges gross negligence on the part of defendants; moreover, I see no allegations in the complaint supporting gross contributory negligence on the part of the decedent. As such, I respectfully dissent.
I agree with the majority's recitation of the standard of review regarding a motion to dismiss under Rule 12(b)(6). The relevant inquiry is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted." Newberne v. Dep't of Crime Control & Pub. Safety , 359 N.C. 782, 784, 618 S.E.2d 201, 203 (2005) (quoting Meyer v. Walls , 347 N.C. 97, 111, 489 S.E.2d 880, 888 (1997) ). Additionally, I generally agree with the majority's discussion of the applicable principles regarding negligence and contributory negligence. As the majority recognizes, "[i]n this state, a plaintiff's contributory *207 negligence is a bar to recovery from a defendant who commits an act of ordinary negligence," Sorrells , 332 N.C. at 648, 423 S.E.2d at 73-74 (citing Adams ex rel. Adams v. State Bd. of Educ. , 248 N.C. 506, 511, 103 S.E.2d 854, 857 (1958) ), but "[c]ontributory negligence is not a bar to a plaintiff's recovery when the defendant's gross negligence, or willful or wanton conduct, is a proximate cause of the plaintiff's injuries," Yancey v. Lea , 354 N.C. 48, 51, 550 S.E.2d 155, 157 (2001) (citing Brewer v. Harris , 279 N.C. 288, 297, 182 S.E.2d 345, 350 (1971) ). This Court has "defined 'gross negligence' as 'wanton conduct done with conscious or reckless disregard for the rights and safety of others.' " Yancey , 354 N.C. at 52, 550 S.E.2d at 157 (quoting Bullins v. Schmidt , 322 N.C. 580, 583, 369 S.E.2d 601, 603 (1988) ); see also id. at 53, 550 S.E.2d at 158 ("An act or conduct rises to the level of gross negligence when the act is done purposely and with knowledge that such act is a breach of duty to others, i.e., a conscious disregard of the safety of others."). I do not agree with the majority's application of these principles to the complaint here.
For the purposes of Rule 12(b)(6), we take the allegations of the complaint as true. Newberne , 359 N.C. at 784, 618 S.E.2d at 203. The majority here does not specify which allegations in the complaint suffice, as a matter of law, to establish the decedent's ordinary contributory negligence, let alone establish that "the actions of both the decedent and defendants rise to the same level of negligence." Nonetheless, assuming arguendo that the allegations of the complaint can be taken as conclusively establishing ordinary contributory negligence on the part of the decedent, the allegations of the complaint, in my view, plainly allege gross negligence on the part of defendants, so that contributory negligence does not bar the claim. Specifically, plaintiff alleged in the complaint:
**461 51. The employee(s) or agent(s), such as "1241 Michael," of Defendants' conduct of serving twenty-four (24) alcoholic beverages, of which the Decedent was served at least ten (10) of those drinks, in approximately a four-to-five hour period was an egregious, wrongful act which constitutes gross negligence and was willful or wanton conduct which evidences a reckless disregard for the safety of others.
52. That the employee(s) or agent(s), such as "1241 Michael," of Defendants continued to serve intoxicating liquor drinks to the decedent, Lisa Mary Davis, after Lisa Mary Davis became noticeably or visibly intoxicated was an egregious, wrongful act which constitutes gross negligence and was willful or wanton conduct which evidences a reckless disregard for the safety of others.
53. That the employee(s) or agent(s) of Defendants knew or had reason to know that Lisa Mary Davis was so grossly intoxicated so as to be a danger to herself and knew or had reason to know that the quantities of alcohol she had been served and consumed were potentially lethal....
....
55. That the egregious, willful or wanton conduct of Defendants' employee(s) or agent(s), while in the course and scope of their employment with Defendants as set forth above was a proximate cause of the injuries and damages sustained by Plaintiff.
Facially, these allegations assert gross negligence and willful and wanton conduct evidencing a reckless disregard for the safety of others. Taking these allegations as true, I conclude that the majority has improperly applied inferences of ordinary contributory negligence to bar plaintiff's claims for gross negligence and willful and wanton conduct as a matter of law. These allegations contend in part that defendants served a noticeably intoxicated person anywhere between ten and twenty-four liquor drinks over a four to five hour period, with knowledge both of the person's intoxication and that the quantities served were "potentially lethal." In my view, it is for the jury to decide whether the facts as alleged are ultimately shown by evidence to constitute a conscious, or even a reckless, "disregard of the safety of others."
**462 Yancey , 354 N.C. at 53, 550 S.E.2d at 158 ; see also *208 Ladd v. Estate of Kellenberger , 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985) ("A complaint should not be dismissed under Rule 12(b)(6) '... unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim.' " (ellipsis in original) (quoting Presnell v. Pell , 298 N.C. 715, 719, 260 S.E.2d 611, 613 (1979) ) ).
Moreover, I see no allegations in the complaint that can be construed as establishing, as a matter of law, gross contributory negligence on the part of the decedent, as was the case in Sorrells . There, as the majority noted, the plaintiff argued that the allegations in the complaint of the defendant's serving alcohol to the intoxicated decedent, after being requested to refrain from serving him, sufficiently alleged gross negligence, such that the decedent's ordinary contributory negligence would not bar recovery. Sorrells , 332 N.C. at 647-48, 423 S.E.2d at 73-74. Yet, the Court noted that the complaint also alleged that the decedent had chosen to drive his vehicle while highly intoxicated-a willful violation of the impaired driving statute. Id. at 648, 423 S.E.2d at 74.[1] Accordingly, the Court held that "to the extent the allegations in the complaint establish more than ordinary negligence on the part of defendant, they also establish a similarly high degree of contributory negligence on the part of the decedent." Id. at 649, 423 S.E.2d at 74. Although driving while highly intoxicated clearly evinces "a conscious disregard of the safety of others," Yancey , 354 N.C. at 53, 550 S.E.2d at 158, I am unaware of any decision from this Court holding that drinking to the point of intoxication in a safe location, absent accompanying allegations of impaired driving or other conduct, constitutes gross negligence as a matter of law.
In looking solely at the allegations of the complaint and taking them as true, and expressing no view on the ultimate merits of plaintiff's claim, I conclude that plaintiff has sufficiently alleged gross negligence on the part of defendants. Unlike in Sorrells , there are no allegations in the complaint that, as a matter of law, constitute gross contributory negligence on the part of the decedent. As such, I disagree with the majority's **463 conclusion that contributory negligence dooms plaintiff's claim at the pleading stage and respectfully dissent from the Court's decision. I would affirm the Court of Appeals on this issue and proceed to address the issue of the first-party dram shop claim.
Justices BEASLEY and MORGAN join in this dissenting opinion.

The Court also noted that it had previously held that "a willful violation of this statute constitutes culpable negligence" and that the decedent's conduct, had his driving while impaired resulted in the death of another, would have amounted to manslaughter. 332 N.C. at 648, 423 S.E.2d at 74 (citing State v. McGill , 314 N.C. 633, 637, 336 S.E.2d 90, 92 (1985) ); see also id. at 648-49, 423 S.E.2d at 74 ("Proof of both a willful violation of the statute and a causal connection between the violation and a death is all that is needed to support a successful prosecution for manslaughter. Plaintiff cannot dispute either of these elements under the facts as alleged in the complaint." (citing McGill , 314 N.C. at 636, 336 S.E.2d at 92 ) ).