IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-594

No. COA22-28

Filed 6 September 2022

Mecklenburg County, No. 21-CVS-5841

MARY LOVETT, ADMINISTRATOR OF THE ESTATE OF GREGORY DWAYNE
LOVETT, Plaintiff,

v.

UNIVERSITY PLACE OWNER'S ASSOCIATION, INC. F/K/A UNIVERSITY
PLACE PROPERTY OWNERS ASSOCIATION, TRICOR INTERNATIONAL, LLC,
AND EBA CRYSTAL REAL ESTATE LLC, D/B/A SHOPPES AT UNIVERSITY
PLACE, Defendants.


Appeal by plaintiff from order entered 13 October 2021 by Judge Gregory

Hayes in Mecklenburg County Superior Court. Heard in the Court of Appeals 9

August 2022.

*Mauney PLLC, by Gary V. Mauney* for plaintiff-appellant.

*McAngus, Goudelock & Courie, PLLC, by Zachary D. Walton and Heather G.
Connor for defendants-appellees Tricor International, LLC and University
Place Owner's Association, Inc.*

*Raynor Law Firm, PLLC, by Kenneth R. Raynor for defendant-appellee Crystal
Real Estate, LLC.*

TYSON, Judge.

¶ 1        Mary Lovett ("Plaintiff"), in her representative capacity as Administrator of

the Estate of Gregory Dwayne Lovett ("Decedent"), appeals from the trial court's

order granting University Place Owner's Association, Inc., Tricor International, LLC, and EBA Crystal Real Estate LLC's (collectively "Defendants") motions to dismiss with prejudice. We affirm.

## I.    Background

On the evening of 14 September 2020, Decedent joined friends at the Shoppes at University Place, a retail, dining, and recreational complex located in Charlotte. Decedent was intoxicated upon arrival at the Shoppes. Decedent met his friends at Boardwalk Billy's Raw Bar & Ribs restaurant and bar and consumed more alcohol. Decedent allegedly suffered from alcoholism.

After leaving Boardwalk Billy's, Decedent and his friends walked around the lake adjoining the Shoppes. No fence, warning signs, or "no swimming" signs were posted around the lake, nor was any security personnel present to prohibit Decedent from jumping in the lake. Decedent walked to the edge of the lake and jumped in. Several by-standers rendered aid and pulled Decedent from out of the lake.

Shortly after being pulled out of the lake, Decedent jumped into the lake a second time. Decedent's friends became concerned when they could no longer see him above the surface of the water, but did not enter the lake and attempt to pull him again out of the water. Decedent's friends called the Charlotte-Mecklenburg Police Department for assistance. The police arrived and summoned divers to search for Decedent. Decedent could not be located. Police issued a "missing persons" report.

On 15 September 2020, the police returned with divers. Divers found and retrieved Decedent's body from under the surface of the water. The Mecklenburg County Medical Examiner's Office conducted an autopsy and concluded Decedent had drowned. The toxicological profile revealed Decedent's blood alcohol concentration ("BAC") level at the time of death was 0.37 grams per milliliter (0.37 g/100 mL).

Plaintiff qualified as administrator of Decedent's estate and filed a complaint alleging Decedent's death was wrongful and directly and proximately caused by Defendants' negligence and gross negligence. Defendants moved to dismiss Plaintiff's complaint with prejudice. The trial court heard arguments on Defendants' motions to dismiss on 14 September 2021 and entered an order dismissing Plaintiff's complaint with prejudice on 4 October 2021. Plaintiff appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III. Issues

Plaintiff asserts the trial court erred by allowing Defendants' motions to dismiss.

## IV. Motion to Dismiss

### A. Standard of Review

¶ 9 This Court's standard of review of a Rule 12(b)(6) motion and ruling is well established. "A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." *Kemp v. Spivey*, 166 N.C. App. 456, 461, 602 S.E.2d 686, 690 (2004) (citation and quotation marks omitted). "When considering a [Rule] 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Carlisle v. Keith*, 169 N.C. App. 674, 681, 614 S.E.2d 542, 547 (2005) (citation and quotation marks omitted).

¶ 10 "On appeal from a motion to dismiss under Rule 12(b)(6), this Court reviews *de novo* whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted[.]" *Christmas v. Cabarrus Cty.*, 192 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (citation and internal quotation marks omitted) (ellipses in original).

¶ 11 This Court "consider[s] the allegations in the complaint [as] true, construe[s] the complaint liberally, and only reverse[s] the trial court's denial of a motion to dismiss if [the] plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim." *Id.* (citation omitted).

## B. Analysis

¶ 12 In North Carolina, "a plaintiff's contributory negligence is a bar to recovery from a defendant who commits an act of ordinary negligence." *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 332 N.C. 645, 648, 423 S.E.2d 72, 73-74 (1992)

(citation omitted). Plaintiff correctly asserts Decedent's contributory negligence does not bar recovery from a defendant's gross negligence. "Only gross contributory negligence by a plaintiff precludes recovery by the plaintiff from a defendant who was grossly negligent." *McCauley v. Thomas*, 242 N.C. App. 82, 89, 774 S.E.2d 421, 426 (2015) (citations omitted). "Gross negligence is willful and wanton negligence." *Id*.

¶ 13        Our Court has held:

> An act is wanton when it is done of wicked purpose or when done needlessly, manifesting a reckless indifference to the rights of others. An act is wilful (sic) when there exists a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, a duty assumed by contract or imposed by law.

*Boyd v. L.G. DeWitt Trucking Co.*, 103 N.C. App. 396, 402, 405 S.E.2d 914, 918 (1991) (internal citations and quotation marks omitted).

¶ 14        In *Sorrells*, our Supreme Court held the trial court properly granted defendant's motion to dismiss where decedent was voluntarily intoxicated, lost control of his vehicle, and struck a bridge. *Sorrells*, 332 N.C. at 649, 423 S.E.2d at 74. The Court found the facts established a similar degree of contributory negligence on part of the decedent, and plaintiff could not prevail. *Id*.

¶ 15        In *Davis v. Hulsing Enters., LLC*, 370 N.C. 455, 457, 810 S.E.2d 203, 205 (2018) our Supreme Court affirmed *Sorrells'* analysis. Our Supreme Court held the decedent's voluntary intoxication established contributory negligence, barring

recovery from defendant's ordinary negligence. *Id.* at 458, 810 S.E.2d at 206. It held, regardless of defendant's negligence in continuing to serve decedent alcohol after she was visibly intoxicated, the decedent's contributory negligence prevented recovery. *Id.*

¶ 16        Here, Decedent was voluntarily intoxicated upon arrival and when he twice jumped into the lake. Decedent's BAC was nearly five times the legal intoxication threshold of 0.08 grams per milliliter (0.08 g/100 mL). We conclude, as did our Supreme Court in *Sorrells*, Decedent's voluntary intoxication level equaled, if not exceeded, any alleged negligence on Defendants' part. The trial court properly concluded these uncontested facts, reviewed in the light most favorable to Plaintiff, established such a degree of Decedent's contributory negligence to prevent Plaintiff from prevailing as a matter of law.

¶ 17        Plaintiff's argument fails because Decedent was grossly contributorily negligent, and his actions bar any negligence claim against Defendants. *Id.* Plaintiff's arguments are without merit.

## V.    Conclusion

¶ 18        Our case law demonstrates voluntary intoxication is a circumstance which establishes gross contributory negligence. Decedent was voluntarily intoxicated nearly five times the legal limit when he twice jumped into the lake. Decedent's gross contributorily negligence bars any recovery for negligence from Defendants.

Upon *de novo* review, taking Plaintiff's allegation as true and in the light most favorable to her, the trial court properly granted Defendants' motions to dismiss Plaintiff's complaint. The trial court's order dismissing Plaintiff's complaint is affirmed. *It is so ordered.*

AFFIRMED.

Judges INMAN and GORE concur.