WILLIAM S. BROWER v. ROBERT CHAPPELL & ASSOCIATES, INC.

No. 8420SC772

(Filed 16 April 1985)

**Negligence §§ 1.3, 35.1; Intoxicating Liquors § 24— sale of alcohol to intoxicated customer—customer injured—contributorily negligent**

> Defendant was entitled to summary judgment based on the contributory negligence of plaintiff in an action in which plaintiff alleged that defendant was

negligent in continuing to serve him alcoholic beverages after he became intoxicated in violation of G.S. 18B-305 and sought to recover damages incurred when a glass door he was attempting to open shattered. Plaintiff's responses to requests for admissions established that he was voluntarily intoxicated and that his intoxication was at least one of the proximate causes of his injuries; contributory negligence is available as a defense in an action which charges defendant with the violation of a statute or negligence *per se*.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 25 June 1984 in Superior Court, MOORE County. Heard in the Court of Appeals 13 March 1985.

In this action plaintiff seeks to recover damages for injuries allegedly sustained from defendant's negligence in selling alcoholic beverages to plaintiff despite plaintiff's state of intoxication. From entry of summary judgment in defendant's favor, plaintiff appeals.

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Richard T. Boyette and H. Lee Evans, Jr., for defendant appellee.*

MARTIN, Judge.

The sole issue for determination is whether the trial court erred in granting defendant's motion for summary judgment. We find that defendant was entitled to judgment as a matter of law based on the contributory negligence of the plaintiff.

In this action plaintiff alleges that on 10 February 1983 while he was a patron at "J. Albert's," a nightclub operated by defendant at the Holiday Inn in Moore County, he was injured when a glass door shattered as he was attempting to push it open. Plaintiff contends that defendant was negligent in continuing to serve alcoholic beverages to him after he had become intoxicated, in violation of G.S. 18B-305, and in failing to provide a safe exit or to put adequate warnings on the door, and in failing to take precautions for his safety after he had become intoxicated. Defendant answered, denying negligence and asserting plaintiff's contributory negligence as a defense. Discovery was conducted and it was established that plaintiff had consumed eleven beers, two glasses of wine and one mixed drink between the hours of noon

and ten p.m., when he arrived at defendant's nightclub. During the hour and a half after his arrival and prior to his being injured, he was served approximately five black russian drinks. After his injury, his blood alcohol level was measured at 333.4 milligrams percent. Requests for Admission were filed by defendant and answered by plaintiff as follows:

> 1. You were intoxicated from the consumption of alcoholic beverages at the time of the incident resulting in the injuries alleged in your Complaint.

> Answer: Request for Admission #1 is admitted.

> . . .

> 3. You voluntarily consumed the alcoholic beverages which led to your intoxication on the evening of the incidents described in your Complaint.

> Answer: Request for Admission #3 is admitted.

> . . .

> 5. Your intoxication was at least one of the proximate causes of the injuries which are the subject of your Complaint.

> Answer: Request for Admission #5 is admitted.

Defendant moved for summary judgment and the motion was allowed, the court concluding that plaintiff was contributorily negligent as a matter of law.

A violation of G.S. 18B-305 by "a permittee or his employee or . . . an ABC store employee . . . knowingly sell[ing] or giv[ing] alcoholic beverages to any person who is intoxicated" constitutes negligence per se. *See Hutchens v. Hankins*, 63 N.C. App. 1, 303 S.E. 2d 584, *disc. rev. denied*, 309 N.C. 191, 305 S.E. 2d 734 (1983). However, the nature of the alleged negligence of the defendant does not alter the effect of plaintiff's contributory negligence.

> Contributory negligence is such an act or omission on the part of the plaintiff amounting to a want of ordinary care concurring and cooperating with some negligent act or omission on the part of the defendant as makes the act or omission of the plaintiff a proximate cause or occasion of the injury complained of.

*Adams v. Board of Education,* 248 N.C. 506, 511, 103 S.E. 2d 854, 857 (1958). Defendant established by the responses to request for admissions that plaintiff was voluntarily intoxicated on the evening in question and that his intoxication was at least one of the proximate causes of his injuries. Plaintiff's act of consuming sufficient quantities of intoxicants to raise his blood alcohol content to the dangerous level approaching a comatose state amounts to "a want of ordinary care" which proximately caused plaintiff's injuries constituting contributory negligence as a matter of law.

Plaintiff asserts that since defendant's violation of G.S. 18A-305 would, if proven, constitute negligence per se, his own contributory negligence in consuming excessive quantities of alcohol is not a bar to his recovery. It is a well-established precedent in this State that contributory negligence on the part of the plaintiff is available as a defense in an action which charges the defendant with the violation of a statute or negligence per se. *See, e.g., Poultry Co. v. Thomas,* 289 N.C. 7, 220 S.E. 2d 536 (1975); *Stone v. Texas Co.,* 180 N.C. 546, 105 S.E. 425 (1920). In view of this precedent, we conclude that because plaintiff's actions constituted contributory negligence as a matter of law, defendant was entitled to judgment as a matter of law. The summary judgment appealed from is

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.