HELEN THREATT v. J. M. HIERS, IN HIS CAPACITY AS PERSONAL REPRESENTATIVE OF THE ESTATE OF H. E. HIERS

No. 8426SC1344

(Filed 3 September 1985)

**Unfair Competition § 1; Landlord and Tenant § 20— tenant's burning of building— no unfair trade practice—action for waste**

Plaintiff's allegations that a tenant intentionally caused the burning of a building leased from plaintiff was insufficient to state a claim against the tenant for unfair and deceptive trade practices under G.S. 75-1.1(a). However, such allegations stated a claim against the tenant for waste. G.S. 75-1.1(b).

APPEAL by plaintiff from *Burroughs, Judge*. Judgment entered 26 November 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 21 August 1985.

This is a civil action wherein the plaintiff filed suit seeking to recover damages for unfair and deceptive trade practices within the meaning of G.S. 75-1.1. In her complaint plaintiff alleged that H. E. Hiers occupied a building owned by the plaintiff, and that while Hiers occupied the property it incurred forty-five thousand dollars ($45,000.00) in damage due to fire. Plaintiff also alleges upon information and belief that Hiers intentionally caused the fire to be set in order to make a fraudulent insurance claim. Plaintiff contends that Hiers' actions constituted an unfair or deceptive trade practice and sought to recover treble damages pursuant to Chapter 75 of the North Carolina General Statutes.

Defendant moved to dismiss the complaint for failure to state a claim pursuant to Rule 12B of the Rules of Civil Procedure.

From the trial court's order allowing the motion, plaintiff appealed.

*Casey, Bishop, Alexander & Murphy, by Jeffrey L. Bishop, for plaintiff appellant.*

*Brackett and Sitton, by William L. Sitton, Jr., for defendant appellee.*

ARNOLD, Judge.

The issue presented for review is whether plaintiff's allegations that the deceased intentionally caused the burning of a building which he leased from plaintiff is sufficient to state a claim for relief. She vigorously contends that the allegations are sufficient to state a claim for relief under G.S. 75-1.1 for unfair and deceptive trade practices. G.S. 75-1.1(a) provides: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."

The rental of residential and commercial property satisfies the "in or affecting commerce" requirement of G.S. 75-1.1. *See Love v. Pressley,* 34 N.C. App. 503, 239 S.E. 2d 574 (1977), *disc. rev. denied,* 294 N.C. 441, 241 S.E. 2d 843 (1978); *Kent v. Humphries,* 50 N.C. App. 580, 275 S.E. 2d 176, *modified and affirmed,* 303 N.C. 675, 281 S.E. 2d 43 (1981). However, our research has not revealed any cases which speak directly to the issue of whether a tenant's intentional burning of a leased property falls within the scope of G.S. 75-1.1. Thus, we must determine whether the alleged cause of action falls within the intended scope of the statute.

When G.S. 75-1.1 was adopted in 1969 it contained the following statement of purpose:

> The purpose of this section is to declare, and to provide civil legal means to maintain, ethical standards of dealings between persons engaged in business and between persons engaged in business and the consuming public within this State to the end that good faith and fair dealings *between buyers and sellers* at all level of commerce be had in this State. (Emphasis added.)

G.S. 75-1.1(b). In response to our Supreme Court's holding in *Edmisten, Attorney General v. Penney Co.,* 292 N.C. 311, 233 S.E. 2d

895 (1977), that this wording was too narrow to encompass credit sales by retail stores, the General Assembly amended G.S. 75-1.1 (b) (1977) to read as follows:

> For the purposes of this section "commerce" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.

As we held in *Buie v. Daniel International*, 56 N.C. App. 445, 289 S.E. 2d 118, *disc. rev. denied*, 305 N.C. 759, 292 S.E. 2d 574 (1982), we do not believe that this language is broad enough to "encompass 'all forms of business activities,'" but was adopted to ensure that the original intent of the statute as set forth in G.S. 75-1.1(b) (1977) was effectuated. The alleged acts of the deceased do not constitute unfair and deceptive trade practices within the intended purpose of the statute. Thus, the complaint fails to state a claim for relief under Chapter 75 of the General Statutes.

Having determined that the facts pleaded in the complaint fail to set forth a cause of action under Chapter 75, we must determine whether the facts set forth establish any other claim for relief. The facts pleaded, rather than the theory set forth, are the determinative factors in determining whether the complaint states a claim upon which relief can be granted. *Benton v. Construction Co.*, 28 N.C. App. 91, 220 S.E. 2d 417 (1975). Believing that the facts alleged state claims for intentional burning and waste, we reverse the trial court's order.

Waste is a species of tort which is generally defined as the misuse or destruction of property by one lawfully in possession thereof, to the prejudice of the estate or interest of another. 78 Am. Jur. 2d Waste § 1. *See also, Casualty Company v. Oil Company*, 265 N.C. 121, 143 S.E. 2d 279 (1965). The plaintiff's complaint alleging an intentional burning of the premises is sufficient to state this claim. Thus, dismissal pursuant to Rule 12(b)(6) was in error.

Reversed and remanded.

Chief Judge HEDRICK and Judge COZORT concur.