DARREN LAMAR WILSON, PLAINTIFF v. BLUE RIDGE ELECTRIC MEMBERSHIP CORPORATION, DEFENDANT

No. COA02-585

(Filed 15 April 2003)

**Unfair Trade Practices— selection of corporate director—not a business activity**

Plaintiff's allegations that defendant utility cooperative changed its corporate bylaws to keep him off the board of directors did not constitute an unfair trade practice. Alteration of corporate bylaws is not a day-to-day business activity and matters of internal corporate management do not affect commerce as contemplated by N.C.G.S. § 75-1.1.

Judge HUDSON dissenting.

Appeal by plaintiff from an order entered 20 February 2002 by Judge Julius A. Rousseau, Jr., in Caldwell County Superior Court. Heard in the Court of Appeals 13 February 2003.

*Phyllis A. Palmieri, for plaintiff-appellant.*

*Smith Moore LLP, by J. Donald Cowan, Jr., and Ellis & Winters, by Julia F. Youngman, for defendant-appellee.*

STEELMAN, Judge.

Plaintiff worked as a construction specialist for defendant, a utility cooperative incorporated in North Carolina, until he was discharged on 31 March 1997. Two weeks after his discharge, plaintiff applied for membership on defendant's board of directors ("board"). Plaintiff subsequently received a letter dated 15 April 1997 from

defendant's chief executive officer denying his application for membership on the board. The letter stated that according to a new by-law adopted by the board, plaintiff was not eligible to seek membership on the board as a former employee for six years following his last date of employment.

On 30 May 2001, plaintiff filed a complaint alleging a single cause of action against defendant for unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 (2001). Plaintiff alleged defendant "sought to conceal its management and service deficiencies" by altering its by-laws to prohibit board membership by former employees until six years following the last date of employment. Plaintiff also alleged that this prohibition was not added to the by-laws until after he applied for board membership and that defendant did not announce the by-law change until publication of its newsletter in June 1997, after plaintiff's application to the board was denied. Plaintiff's complaint contained further allegations as follows:

> 30. By its actions in altering the by-laws to eliminate participation and membership on its board of directors by former employees, who knew or were likely to know of management and service deficiencies, Defendant Blue Ridge Electric Membership Corporation engaged in an unfair and deceptive act affecting commerce.
>
> . . .
>
> 33. By enacting a by[-]law to extinguish exposure and quell criticism of its management and service practices by former employees, who are most likely to have personal knowledge of such deficiencies, Defendant Blue Ridge Electric Membership Corporation caused injury to the plaintiff by depriving him of his right to participate on the board of directors, and further injured the people of Western North Carolina who are owners, members, and beneficiaries of Defendant from participation by and benefits of a knowledgeable and dissident voice raised in their interests.

Plaintiff prayed for "compensatory and punitive damages for the deprivation of his rights as a member of the defendant corporation, and for anxiety, humiliation, mental anguish, and emotional distress." He also sought treble damages pursuant to N.C. Gen. Stat. § 75-16 (2001) and attorney's fees.

On 26 June 2001, defendant moved to dismiss plaintiff's claim under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2001) for failure to state

a claim upon which relief may be granted. The trial court granted defendant's motion to dismiss.

Plaintiff's sole assignment of error is that the trial court erred in granting defendant's motion to dismiss pursuant to Rule 12(b)(6). The issue presented in this case is whether a corporation's changing the qualifications for serving on its board of directors can be the subject of a claim for unfair and deceptive trade practices under N.C. Gen. Stat. Chapter 75.

On appeal from a grant of a motion to dismiss, this Court must determine "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. . . ." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). An action may be dismissed for failure to state a claim if no law supports the claim, if sufficient facts to make out a good claim are absent, or if a fact is asserted that defeats the claim. *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 517 S.E.2d 406 (1999).

To state a claim for relief for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, plaintiff must show (1) an unfair or deceptive act or practice by defendant, (2) in or affecting commerce, (3) which proximately caused actual injury to plaintiff. *Miller v. Nationwide Mut. Ins. Co.*, 112 N.C. App. 295, 435 S.E.2d 537 (1993), *disc. review denied*, 335 N.C. 770, 442 S.E.2d 519 (1994).

N.C. Gen. Stat. § 75-1.1(b) defines "commerce" to include "all business activities, however denominated. . . ." Our Supreme Court has held that " '[b]usiness activities' is a term which connotes the manner in which businesses conduct their regular, day-to-day activities, or affairs, such as the purchase and sale of goods, or *whatever other activities the business regularly engages in and for which it is organized.*" *HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 594, 403 S.E.2d 483, 493 (1991) (emphasis added).

This Court has held that N.C. Gen. Stat. § 75-1.1 was not meant to encompass all business activities or all wrongdoings in a business setting but "was adopted to ensure that the original intent of the statute . . . was effectuated." *Threatt v. Hiers*, 76 N.C. App. 521, 523, 333 S.E.2d 772, 773 (1985), *disc. review denied*, 315 N.C. 397, 338 S.E.2d 887 (1986). The statute initially stated its purpose as follows:

"[T]o provide civil legal means to maintain, ethical standards of dealings between persons engaged in business and between per-

sons engaged in business and the consuming public within this State to the end that good faith and fair dealings *between buyers and sellers* at all level[s] of commerce be had in this State."

*Bhatti v. Buckland*, 328 N.C. 240, 245, 400 S.E.2d 440, 443 (1991) (*quoting* N.C. Gen. Stat. § 75-1.1 (1975)) (emphasis added).

Plaintiff contends defendant modified its by-laws to prevent him, a disgruntled former employee, from serving on the board. For purposes of our review of the grant of the motion to dismiss, we must assume plaintiff's contention is true. However, the conduct plaintiff alleges does not constitute "business activities" as defined by our Supreme Court in *HAJMM*, *supra*, and is not contemplated by N.C. Gen. Stat. § 75-1.1 according to the statute's original stated purpose. Defendant was organized to provide electricity to the members of the utility cooperative. Alteration of its by-laws by the board of directors is not a day-to-day, regular business activity. Plaintiff does not allege that the by-law was improperly adopted or that defendant was engaged in practices with respect to supplying electricity to its members that would constitute an unfair or deceptive trade practice. Matters of internal corporate management, such as the manner of selection and qualifications for directors, do not affect commerce as defined by Chapter 75 and our Supreme Court.

Because plaintiff's allegations, even if taken as true, do not establish an act by defendant "in or affecting commerce," we find that plaintiff failed to allege sufficient facts to state a claim under N.C. Gen. Stat. § 75-1.1. We hold the trial court properly dismissed plaintiff's claim under Rule 12(b)(6).

AFFIRM.

Judge McGEE concurs.

Judge Hudson dissents.

HUDSON, Judge, dissenting.

Because North Carolina follows principles of notice pleading, and because the plaintiff included allegations of all of the essential elements of a claim for unfair and deceptive trade practices, I believe that his complaint is sufficient to survive the motion to dismiss under Rule 12(b)(6). Thus, I respectfully dissent.

In particular, I disagree with the conclusion that the complaint does not allege improper conduct "affecting commerce" of the type intended to be covered by N.C. Gen. Stat. § 75-1.1. Among the allegations of the complaint are the following:

6. Prior to his termination, Plaintiff Wilson voiced and expressed concerns about the management and delivery of services to the people of Western North Carolina by Defendant Blue Ridge Electric Membership Corporation. These concerns included, but were not limited to, the failure of Defendant to do regular pole counts; and determination by the company of expansion of phone and cable companies on company properties to ensure that the company is collecting all charges due for joint use of poles; and service deficiencies.

\* \* \* \* \*

8. Plaintiff's concerns were based on his personal knowledge of the management and delivery of services to the people of Western North Carolina by Defendant Blue Ridge Electric Membership Corporation.

In Paragraph 30 of the complaint, plaintiff specifically alleges that the "Defendant Blue Ridge Electric Membership Corporation engaged in an unfair and deceptive act affecting commerce." In paragraphs 30 and 31 of the complaint, among others, the plaintiff alleges that the amendment to the defendant's by-laws kept individuals off the board of directors who "were likely to know of mismanagement and service deficiencies" and "who were likely to act to expose such deficiencies to the people of Western North Carolina." Further, in paragraphs 32 and 33, the plaintiff alleges that these actions "caused injury to the plaintiff" and resulted in further injury to "the people of Western North Carolina who are the owners, members, and beneficiaries of Defendant."

Here, the defendant's day-to-day business consisted of selling electric power to its members, described in the complaint as "everyone who purchases power." Thus to the extent that these allegations are of conduct that may affect the charges paid and service received by the consuming public, such conduct is exactly the type of activity that Chapter 75 was enacted to address. In my view, therefore, the complaint contains allegations of conduct affecting commerce as contemplated by N.C. Gen. Stat. § 75-1.1 that are sufficient to withstand scrutiny under Rule 12(b)(6). Accordingly, I respectfully dissent.