SHERRY ALLISON EASON, Plaintiff,
v.
CLEVELAND DRAFT HOUSE, LLC and BALDIES RESTAURANT GROUP, LLC, Defendants.
No. COA08-684
Court of Appeals of North Carolina
Filed March 17, 2009
This case not for publication
Tatum, Atkinson & Lively, PLLC, by Robert M. Tatum, for plaintiff-appellant.
Pinto, Coates, Kyre & Brown, PLLC, by David L. Brown and Deborah J. Bowers, for defendants-appellees.
CALABRIA, Judge.
Sherry Allison Eason ("plaintiff") appeals the trial court's order granting Cleveland Draft House, LLC's and Baldies Restaurant Group, LLC's ("defendants'") motion to dismiss her complaint for failure to state a claim and motion for judgment on the pleadings. We affirm.
Plaintiff alleged the following: On 21 December 2006, plaintiff entered the Cleveland Draft House bar ("the bar") in Garner, North Carolina. Plaintiff arrived at the bar at 11:30 p.m. and stayed until 2:23 a.m. Plaintiff was served alcoholic beverages and became intoxicated. Plaintiff left the bar and droveher car from the parking lot to the front of the bar. She exited her car. While she was outside the car, the car moved and struck her. Plaintiff suffered serious injuries rendering her paralyzed and confined to a wheelchair. Less than two hours after she was injured, plaintiff's blood alcohol level was tested and found to be .22.
On 26 September 2007, plaintiff filed a complaint against defendants alleging claims of negligence, products liability, and unfair and deceptive practices. Specifically, plaintiff alleged defendants negligently served her alcoholic beverages which contained more than one serving of alcohol and allowed her to leave the bar while she was severely intoxicated. Plaintiff also requested punitive damages. Defendants moved to dismiss plaintiff's complaint under North Carolina Rules of Civil Procedure, Rule 12(b)(6) and moved for judgment on the pleadings under Rule 12(c). The trial court granted defendants' motions and dismissed plaintiff's complaint. Plaintiff appeals.

I. Standard of Review
The standard of review of a motion to dismiss for failure to state a claim upon which relief can be granted is whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory. Thompson v. Waters, 351 N.C. 462, 463, 526 S.E.2d 650, 650 (2000). The Court of Appeals conducts a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss for failure to state a claim was correct. Leary v. N.C. Forest Products, Inc., 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003). When ruling upon a motion to dismiss for failure to state a claim upon which relief could be granted, the complaint is to be liberally construed, and the trial court should not dismiss the complaint unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 362 N.C. 431, 444, 666 S.E.2d 107, 116 (2008).
"N.C. Gen. Stat. § 1A-1, Rule 12(c) (2003) permits a party to move for judgment on the pleadings, after the filing of a responsive pleading, where the formal pleadings reveal that certain claims or defenses are baseless." Toomer v. Branch Banking and Trust Co., 171 N.C. App. 58, 66, 614 S.E.2d 328, 334 (2005) (citation omitted). Judgment on the pleadings is proper when the moving party establishes there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. The appellate court reviews de novo rulings on motions made for judgment on the pleadings. Id. at 66, 614 S.E.2d at 335. In considering a motion for judgment on the pleadings, the trial court is required to view the facts in the light most favorable to the nonmoving party. Id. at 66, 614 S.E.2d at 334.

II. Negligence Claim
Plaintiff contends the trial court erred in dismissing her complaint for failure to state a claim and awarding judgment on the pleadings to defendants because plaintiff is entitled to recover under N.C. Gen. Stat. § 18B-305 (2007) ("the dram shop[1] statute"). We disagree.
The dram shop statute provides: "It shall be unlawful for a permittee or his employee . . . to knowingly sell or give alcoholic beverages to any person who is intoxicated." N.C. Gen. Stat. § 18B-305(a) (2007).
Plaintiff argues Hutchens v. Hankins, 63 N.C. App. 1, 303 S.E.2d 584 (1983), interprets N.C. Gen. Stat. § 18B-305 to allow intoxicated persons to recover for injuries proximately caused by their intoxication. We disagree.
The Hutchens court addressed the narrow issue of whether violation of the dram shop statute permitted innocent third parties injured by an intoxicated patron to recover from sellers of alcohol.
The sole issue presented by the dismissal of plaintiffs' action is whether civil liability may be imposed upon a vendor of alcoholic beverages for providing alcoholic drinks to an intoxicated customer who, as a result of intoxication, injures third persons. Since the following issues are not presented in the case under discussion, we do not decide whether, under similar circumstances, . . . a person who is served alcoholic beverages may recover for injuries suffered as a result of such sale or furnishing. . . .
Hutchens, 63 N.C. App. at 5, 303 S.E.2d at 587 (emphasis added). Here, the plain language of N.C. Gen. Stat. § 18B-305 prohibits vendors of alcohol from selling alcohol to intoxicated persons. Plaintiff's allegation that defendants continued to serve her alcohol after they knew or should have known she was intoxicated is sufficient to state a claim that defendants violated the statute. "A violation of G.S. 18B-305 . . . constitutes negligence per se." Brower v. Robert Chappell & Assoc., Inc., 74 N.C. App. 317, 319, 328 S.E.2d 45, 47 (1985).
However, even if defendants were negligent in selling alcohol to plaintiff, dismissal was proper because contributory negligence bars plaintiff's claim. See N.C. Gen. Stat. § 1A-1, Rule 8(c) (2007) (contributory negligence is an affirmative defense); Sorrells v. M.Y.B. Hospitality Ventures of Asheville, 332 N.C. 645, 648, 423 S.E.2d 72, 73 (1992) (motion to dismiss was properly granted where complaint disclosed an affirmative defense which defeats the claim asserted).
In Sorrells, a 21-year-old driver was killed when the car he was driving descended from a bridge after he had consumed alcohol at defendant's place of business. Decedent's estate filed a wrongful death action against the defendant. 332 N.C. at 647, 423 S.E.2d at 73. The estate claimed defendant violated Chapter 18B of the North Carolina General Statutes by knowingly serving alcohol to a customer who would be driving. Id. The court noted that the allegation that decedent drove his vehicle while impaired "established contributory negligence as a matter of law." Id. at 648, 423 S.E.2d at 74. The court also concluded that the decedent's negligence in driving while impaired was a violation of N.C. Gen. Stat. § 20-138.1 and constituted culpable negligence, which rises to the same level of negligence as that of the defendant. Id.
Plaintiff contends she was not contributorily negligent because she "was not aware of the amounts of alcohol she was being served and did not intend to become intoxicated." We disagree.
Plaintiff alleges in her complaint that she was served alcoholic beverages and became intoxicated. There is no allegation that her consumption of alcoholic beverages was involuntary. In past cases, this Court has held a claimant's recovery for negligent behavior is barred by contributory negligence when the claimant's injury was the result of intoxication caused by voluntary consumption of alcohol. Canady v. McLeod, 116 N.C. App. 82, 87, 446 S.E.2d 879, 882 (1994); Meachum v. Faw, 112 N.C. App. 489, 436 S.E.2d 141 (1993); Brower, 74 N.C. App. at 320, 328 S.E.2d at 47.
In Brower, this Court held plaintiff's voluntary consumption of enough alcohol to render him "comatose" was contributory negligence as a matter of law and barred his claim. Id. at 320, 328 S.E.2d at 47. The plaintiff in that case also alleged defendant violated N.C. Gen. Stat. § 18B-305. Id. at 318, 328 S.E.2d at 46. Recognizing that defendant violated the statute, but that defendant's liability for negligence was still barred by contributory negligence, the Court affirmed summary judgment for defendant. Id. at 320, 328 S.E.2d at 47. Plaintiff also argues defendants were wilfully and wantonly negligent in serving her drinks with higher amounts of alcohol than she anticipated, causing her to become involuntarily intoxicated. Plaintiff contends her negligence was only negligence per se and not the same level as defendant's negligence in "deceiving [plaintiff] into consuming drinks with large amounts of alcohol causing her severe intoxication."
"Contributory negligence is not a bar to a plaintiff's recovery when the defendant's gross negligence, or willful or wanton conduct, is a proximate cause of the plaintiff's injuries." Yancey v. Lea, 354 N.C. 48, 51, 550 S.E.2d 155, 157 (2001) (citation omitted). "An act or conduct rises to the level of gross negligence when the act is done purposely and with knowledge that such act is a breach of duty to others, i.e., a conscious disregard of the safety of others." Id. at 53, 550 S.E.2d at 158 (emphasis in original).
Plaintiff alleged in her complaint that defendants served her "mixed beverages containing more than one serving of alcohol" and that they "failed to warn plaintiff that the drinks being served to her contained much greater amounts of alcohol that [sic] should have been contained in a mixed beverage. . . ." Although plaintiff argues in her brief that she was "deceived," plaintiff does not allege in her complaint that her consumption of alcoholic beverages was involuntary. Even if her drinks were stronger than she expected, she was fully aware that she was consuming alcoholic beverages and that she could become intoxicated. We also note that in ruling on a 12(c) motion,
[t]he trial court may consider, `[o]nly the pleadings and exhibits which are attached and incorporated into the pleadings' in ruling on the motion. `No evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings.
Davis v. Durham Mental Health/Dev. Disabilities Area Auth., 165 N.C. App. 100, 104, 598 S.E.2d 237, 240 (2004) (internal citations omitted); see also McAllister v. Ha, 126 N.C. App. 326, 485 S.E.2d 84 (1997) (motion to dismiss for failure to state claim upon which relief may be granted is addressed to whether facts alleged in complaint, when viewed in light most favorable to plaintiffs, give rise to claim for relief on any theory) (quotation omitted). Therefore, statements in plaintiff's brief that she was deceived are not to be considered.
Although the complaint does not allege how many drinks plaintiff intended to consume or how many she actually consumed, it is possible plaintiff became more intoxicated than she had planned. However, the complaint does not allege the level of intoxication plaintiff intended to reach on the evening at the bar, nor does the complaint allege the level of impairment that would have permitted her to safely operate her vehicle.
The allegations in her complaint reveal plaintiff's contributory negligence in driving while impaired. Viewing the facts in the light most favorable to plaintiff, plaintiff was fully aware that she was consuming alcohol and that she could become intoxicated. It is undisputed the plaintiff operated her vehicle while intoxicated and was in an intoxicated state when her vehicle struck her. Plaintiff alleged while she was intoxicated, she "drove her car to the front of the bar, stopped, and got out of the car. As she was exiting the car, the car began to move and struck her." This allegation reveals she was driving while impaired. See N.C. Gen. Stat. § 20-4.01(32)(a)(2) (2007) (defining public vehicular area to include parking lots of restaurants); State v. Coker, 312 N.C. 432, 323 S.E.2d 343 (1984) (Legislature indicated that it intended the words "operator" and "driver" to be synonymous when it defined driver as an operator of the vehicle while under the influence of an impairing substance) and State v. Fields, 77 N.C. App. 404, 335 S.E.2d 69 (1985) (Defendant was "driving" vehicle for purposes of driving while impaired statute where he was in physical control of vehicle which had engine running).
We conclude that to the extent defendants' negligence was more than negligence per se, plaintiff's contributory negligence in operating a motor vehicle while impaired rises to the same level. See Meachum, 112 N.C. App. at 495, 436 S.E.2d at 145 (concluding despite plaintiff's allegations that "decedent consumed the mind-altering substances `in the presence of and at the bequest [sic] of the defendant'," no allegations reveal decedent's consumption and subsequent intoxication were involuntary and decedent's negligence in driving while intoxicated rose to the same level as defendant's negligence); Canady, 116 N.C. App. at 87, 446 S.E.2d at 882; Sorrells, 332 N.C. at 648, 423 S.E.2d at 74(concluding allegations of complaint admitted decedent willfully violated driving while impaired statute and proximately caused his own death constituted negligence at same level as defendant's).
Plaintiff contends these cases are distinguishable because the "intervening factor was that a death occurred as a result." We disagree. Plaintiff alleges she suffered serious injuries as a result of her intoxication, including paralysis. Whether plaintiff's negligence in driving while impaired proximately caused her death or paralysis, under these facts, her contributory negligence rises to the same level as the defendants' negligence and bars her claim. This assignment of error is overruled.

III. Products Liability
Plaintiff next argues she has an actionable products liability claim grounded in negligence and pursuant to N.C. Gen. Stat. § 99B-5, based on inadequate warning or instruction. Plaintiff also argues defendants breached the implied warranty of merchantability inherent in sales of goods under the UCC code by serving drinks stronger than the recommended dosage.
Contributory negligence also bars plaintiff's products liability claim and breach of implied warranty claim.See Nicholson v. American Safety Utility Corp., 346 N.C. 767, 488 S.E.2d 240 (1997) (In products liability action founded on negligence, plaintiff's contributory negligence will bar his recovery to same extent as in any other negligence case, including breach of implied warranty of merchantability.); N.C. Gen. Stat. § 99B-5(b) (2007) ("Notwithstanding subsection (a) of this section, no manufacturer or seller of a product shall be held liable in any product liability action for failing to warn about an open and obvious risk or a risk that is a matter of common knowledge."); see also N.C. Gen. Stat. § 99B-4(3) (2007) (no manufacturer or seller shall be held liable where claimant failed to exercise reasonable care under the circumstances).
Plaintiff argues that the issue regarding whether she failed to exercise ordinary care in consuming the alcohol which led to her injuries is a question of fact for the jury. We disagree. Plaintiff argues in her brief that she deliberately ordered drinks which, had they not contained more than one serving of alcohol, would have "left her in a condition to allow her to drive without impairment" and that she was "unable to detect the defect in the product and she drank them as if they were properly mixed." Plaintiff contends her actions were "consistent with someone who acted as an ordinarily prudent person" in order to avoid injury. In a motion for judgment on the pleadings, the court's consideration is limited to allegations in the pleadings, not the parties' briefs. Davis, 165 N.C. App. at 104, 598 S.E.2d at 240. Plaintiff's allegations in her complaint unequivocally established that she voluntarily consumed alcoholic beverages and operated her motor vehicle while impaired. The trial court did not err in dismissing this claim and awarding judgment as a matter of law to defendants.

IV. Unfair and Deceptive Practices Claim
Plaintiff next contends she alleged sufficient facts to establish a prima facie unfair and deceptive practices claim under N.C. Gen. Stat. § 75-1.1(a) (2007). We disagree.
Although contributory negligence is not a defense to violation of the statute prohibiting unfair or deceptive practices, the trial court did not err in dismissing this claim.See Winston Realty Co. v. G.H.G., Inc., 314 N.C. 90, 96, 331 S.E.2d 677, 681 (1985) (holding contributory negligence is not a defense to an unfair and deceptive practices claim).
To state a claim for relief for unfair and deceptive practices, plaintiff must allege "(1) an unfair or deceptive act or practice by defendant, (2) in or affecting commerce, (3) which proximately caused actual injury to plaintiff." Wilson v. Blue Ridge Elec. Membership Corp., 157 N.C. App. 355, 357, 578 S.E.2d 692, 694 (2003) (citation omitted).
In North Carolina "[a] party is guilty of an unfair act or practice when it engages in conduct which amounts to an inequitable assertion of its power or position." Johnson v. Insurance Co., 300 N.C. 247, 264, 266 S.E.2d 610, 622 (1980) overruled in part on other grounds by Myers & Chapman, Inc. v. Thomas G. Evans, Inc., 323 N.C. 559, 374 S.E.2d 385 (1988);Dull v. Mut. of Omaha Ins. Co., 85 N.C. App. 310, 316, 354 S.E.2d 752, 755 (1987). Whether an alleged commercial act or practice is unfair or deceptive in violation of N.C. Gen. Stat. § 75-1.1 is a question of law for the trial court. Hardy v. Toler, 288 N.C. 303, 310, 218 S.E.2d 342, 346-47 (1975); Harris v. NCNB, 85 N.C. App. 669, 676-77, 355 S.E.2d 838, 844 (1987). "A deceptive trade practice is one that possesses the tendency or capacity to mislead, or creates the likelihood of deception." Miller v. Rose, 138 N.C. App. 582, 592, 532 S.E.2d 228, 235 (2000) (internal brackets and quotation marks omitted).
Plaintiff alleged in her complaint that defendants "failed to properly prepare the drinks they provided to [her]," "failed to warn plaintiff that the drinks being served to her contained much greater amounts of alcohol than should have been contained in a mixed beverage served pursuant to North Carolina's Alcohol Beverage Control laws," "failed to follow appropriate standards of the restaurant and bar industry in failing to provide transportation home for [plaintiff]," and "continued to serve alcoholic beverages to [plaintiff] after it was apparent that she was visibly intoxicated." In her brief, plaintiff argues defendants "misrepresented the amount of alcohol contained in the mixed drinks sold to the plaintiff." However, this allegation does not appear in the plaintiff's complaint. Plaintiff's complaint merely alleges she was served stronger beverages than recommended by industry standards. Consideration of plaintiff's claim is limited to those allegations in the pleadings. Davis, 165 N.C. App. at 104, 598 S.E.2d at 240.
Plaintiff argues failure to disclose information can constitute an unfair and deceptive practice. We find the cases cited by plaintiff to be distinguishable from the case at bar. In Kron Medical Corp. v. Collier Cobb & Associates, 107 N.C. App. 331, 420 S.E.2d 192 (1992), this Court reversed the trial court's judgment notwithstanding the verdict on plaintiff's unfair and deceptive practices claim. This Court concluded defendant insurance broker's failure to correct plaintiff medical corporation's belief that plaintiff's deposit on medical malpractice insurance premiums would be refundable if the actual coverage used was less than projected constituted a violation of N.C. Gen. Stat. § 58-63-15(1) (1991), an insurance regulation statute. Id. at 339, 420 S.E.2d at 197. Violation of this statute "constitutes an unfair or deceptive trade practice" as a matter of law. Id. at 335, 420 S.E.2d at 194 (quoting Pearce v. American Defender Life Ins. Co., 316 N.C. 461, 470, 343 S.E.2d 174, 179 (1986)). This Court also noted that although plaintiff failed to allege fraud, the plaintiff alleged the existence of a fiduciary duty and "[u]nder these circumstances, the failure to speak was a statement as deceptive as a false or inaccurate written or oral comment." Id. at 341, 420 S.E.2d at 197.
In Morris v. Bailey, 86 N.C. App. 378, 358 S.E.2d 120 (1987), also cited by plaintiff, this Court affirmed a jury verdict finding defendant's false statement that the car was in good mechanical condition to be an unfair and deceptive practice. In that case, an employee of defendant car dealership represented to plaintiff that the used car he was purchasing was in good working order. Id. at 380, 358 S.E.2d at 122. Later plaintiff discovered the car needed mechanical repairs to function properly. Id.
Even viewing the facts in the light most favorable to the plaintiff, plaintiff's allegations do not support a claim that defendants' actions were deceptive or unfair. Here, plaintiff merely alleges she was served drinks stronger than the recommended dosage. Plaintiff did not allege defendants misrepresented the amount of alcohol being served or that defendants made any representation at all as to the amount of alcohol in her drinks. This assignment of error is overruled.

V. Last Clear Chance
Plaintiff next contends that even if this Court concludes plaintiff's negligence contributed to her injuries, the doctrine of last clear chance applies to preserve her negligence claim. We disagree.
To succeed on a claim of last clear chance, the contributorily negligent plaintiff must prove:
(1) that the plaintiff negligently placed himself in a position of helpless peril; (2) that the defendant knew or, by the exercise of reasonable care, should have discovered the plaintiff's perilous position and his incapacity to escape from it; (3) that the defendant had the time and ability to avoid the injury by the exercise of reasonable care; (4) that the defendant negligently failed to use available time and means to avoid injury to the plaintiff and (5) as a result, the plaintiff was injured.
Parker v. Willis, 167 N.C. App. 625, 627, 606 S.E.2d 184, 186 (2004). Where an ordinarily prudent person in the exercise of ordinary care could reasonably escape from the position of danger, the last clear chance doctrine does not apply. See Clodfelter v. Carroll, 261 N.C. 630, 635, 135 S.E.2d 636, 639 (1964) (last clear chance doctrine did not apply where pedestrian carelessly failed toremove herself from the path of an oncoming car when she had time and opportunity to avoid an obvious danger).
Plaintiff argues the negligent action placing her in peril was "the consumption of alcohol," although plaintiff's reply fails to identify what specific peril she was in or how defendants could have prevented her injury. Plaintiff has failed to show she placed herself in a position of peril from which she could not escape at a time when defendants might have had an opportunity to help her. Plaintiff's only alleged "position of helpless peril" occurred when she chose to drive her car while intoxicated and specifically when she got out of her car without putting it into park so that it would not move. Neither plaintiff's complaint, nor her reply allege how defendants might have prevented plaintiff's injury once she left defendants' bar and got into her own car.[2]See Coleman v. Hines, 133 N.C. App. 147, 152, 515 S.E.2d 57, 61 (1999) (last clear chance doctrine did not apply to passenger who was injured after riding with intoxicated driver when passenger had opportunity not to ride with the driver). This assignment of error is overruled.

VI. Punitive Damages
Plaintiff's punitive damages claim is predicated on defendants' liability for compensatory damages. Since we conclude plaintiff's claims are barred, she is not entitled to compensatory damages, and her punitive damages claim was properly dismissed as a matter of law. See N.C. Gen. Stat. § 1D-15(a) (2007); Sellers v. Morton, ___ N.C. App. ___, ___, 661 S.E.2d 915, 923 (2008); Di Frega v. Pugliese, 164 N.C. App. 499, 508, 596 S.E.2d 456, 463 (2004).
Affirmed.
Judges STEELMAN and STROUD concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 18B-120, et seq. is referred to as the Dram Shop Act. Hart v. Ivey, 332 N.C. 299, 304, 420 S.E.2d 174, 177 (1992); Hutchens v. Hankins, 63 N.C. App. 1, 6, 303 S.E.2d 584, 588 (1983). A dram shop is "[a] place where alcoholic beverages are sold; a bar or saloon." Black's Law Dictionary 531 (8th ed. 2004).
[2] Plaintiff argues in her brief that defendants failed to follow Cleveland Draft House's Alcohol Serving Policy by permitting plaintiff to drive after she was "showing signs of intoxication." However, we note that the Alcohol Serving Policy is not in the record on appeal and was apparently not considered by the trial court. We therefore do not consider the effect, if any, of defendants' policy as it is not properly before us. N.C.R. App. P. 9(a) (2007); Citifinancial, Inc. v. Messer, 167 N.C. App. 742, 748, 606 S.E.2d 453, 457 (Steelman, J., concurring), appeal dismissed and disc. review denied, 359 N.C. 410, 612 S.E.2d 317 (2005).