DILLON, Judge, dissenting.
Plaintiff filed an action as administrator of his deceased wife's estate against Defendants alleging that their negligence contributed to his wife's death. The trial court granted Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's common law Dram Shop and punitive damages claims. The majority has concluded that the trial court erred in granting Defendants' motion to dismiss. Because I believe the trial court ruled correctly, I respectfully dissent.
As the majority points out, in reviewing the trial court's Rule 12(b)(6) dismissal, we must assume that Plaintiff's allegations in the complaint are true. These allegations tend to show the following: Plaintiff and his wife were staying at the Crowne Plaza Resort *774 celebrating their wedding anniversary. Over the course of four and a half hours, Plaintiff and his wife sat in a restaurant at the Resort and ordered twenty-four (24) alcoholic drinks. Plaintiff's wife consumed at least ten (10) of the drinks. She was served one or more drinks after becoming appreciably and noticeably impaired. She and Plaintiff left the restaurant and headed to their hotel room for the night. However, she was so intoxicated that she fell to the floor as they left the restaurant; whereupon Defendants' employee(s) assisted her by placing her in a wheelchair and escorting her and Plaintiff to their hotel room. The next morning, Plaintiff woke up and found his wife lying dead on the floor.
The death of Plaintiff's wife is certainly a tragedy. Moreover, Plaintiff succeeds in alleging facts-that Defendants' employee(s), served "one or more" alcoholic drinks to an intoxicated patron-which constitute negligence per se, and that this negligence was a proximate cause of *417 his wife's death. See N.C. Gen.Stat. § 18B-305 (2012) (Dram Shop Act prohibits an ABC permittee to "knowingly sell or give alcoholic beverages to any person who is intoxicated"). However, Plaintiff also alleges facts in his complaint which demonstrate that Plaintiff's wife also acted negligently in proximately causing her own death, namely by voluntarily consuming a large quantity of alcohol. As our Court has held,
[a patron's] act of [voluntarily] consuming sufficient quantities of intoxicants to raise his blood level approaching comatose state amounts to 'a want of ordinary care' which proximately caused [the patron's] injuries constituting contributory negligence as a matter of law.
Brower v. Robert Chappell, 74 N.C.App. 317, 320, 328 S.E.2d 45, 47 (1985) (affirming summary judgment for the defendant-server in action brought by plaintiff-patron who was injured by shattering glass when opening a glass door after becoming intoxicated).
"It is a well-established precedent in this State that contributory negligence on the part of the plaintiff is available as a defense in an action which charges the defendant with the violation of a statute or negligence per se." Id. (following our Supreme Court's holdings in Poultry Co. v. Thomas, 289 N.C. 7, 220 S.E.2d 536 (1975) and Stone v. Texas Co., 180 N.C. 546, 105 S.E. 425 (1920) ). Furthermore, as our Supreme Court has recognized, where one serving alcohol to an intoxicated person in violation of N.C. Gen.Stat. § 18B-305 may be liable to third parties who are injured by the intoxicated patron, a claim brought by the intoxicated patron herself against the server is subject to the defense of contributory negligence. Sorrells v. M.Y.B. Hospitality, 332 N.C. 645, 647-48, 423 S.E.2d 72, 73-74 (1992).
The majority correctly points out that a plaintiff's ordinary contributory negligence will not bar a recovery where the defendant's negligence (or negligence per se) rises to the level of gross negligence or willful and wanton conduct. However, our Supreme Court in Sorrells, supra, has instructed that a Rule 12(b)(6) dismissal is appropriate where the allegations in the complaint show that the patron's contributory negligence rose to the same level as the defendant's negligence. In Sorrells, a patron became visibly intoxicated; the patron's friend told the bar waitress not to serve the patron another drink because the patron would be driving; the waitress, nonetheless, served the patron another large alcoholic drink; the patron finished the drink, left the bar, and got into his car; and the patron lost control of his vehicle and was killed. Id. at 646-47, 423 S.E.2d at 73. On appeal, our Supreme Court recognized that both *418 the waitress and the patron acted negligently. Id. at 648, 423 S.E.2d at 74. The patron's estate, though, argued that the waitress' conduct in serving alcohol to an intoxicated patron whom she knew was going to drive, after being requested to refrain from serving him, rose above the level of ordinary negligence. Id. Our Supreme Court, however, affirmed the trial court's Rule 12(b)(6) dismissal because the "decedent's own actions, as alleged in the complaint, [ ] [rose] to the same level of negligence as that of [the waitress]." Id. at 648-49, 423 S.E.2d at 74 (further stating that the allegations concerning the patron's actions "establish a similarly high degree of contributory negligence on the part of the [patron]") (emphasis added). *775 As was the case in Sorrells and the other reported cases in our State involving first-party Dram Shop claims, the complaint here fails to allege any facts which demonstrate that Defendants' negligence was any greater than the negligence of Plaintiff's wife. See id. (affirming Rule 12(b)(6) dismissal); Mohr v. Matthews, --- N.C.App. ----, ----, 768 S.E.2d 10, 14 (2014) ( Rule 12(b)(6) dismissal); Canady v. McLeod, 116 N.C.App. 82, 87, 446 S.E.2d 879, 882 (1994) (affirming summary judgment). See also Eason v. Cleveland Draft House, 195 N.C.App. 785, 673 S.E.2d 883, 2009 WL 676951, *1, 2009 N.C.App. LEXIS 291, *6 (2009) (unpublished opinion) (affirming Rule 12(b)(6) dismissal). Rather, here, the only allegation concerning Defendants' negligence is that the waiter(s) served "at least one and more likely, several intoxicating liquor drinks" after the decedent had become "noticeably impaired." Moreover, the allegations otherwise demonstrate that Plaintiff's wife consumed the alcohol voluntarily. Under our case law, a patron is barred from recovering from her server as a matter of law where her allegations fail to allege anything more than that the defendant served alcohol and the patron voluntarily consumed alcohol. The same rule applies even where the server knew the patron was going to drive if the patron also knew (s)he was going to be driving. Here, there is simply no allegation that Defendants were aware of any facts of which Plaintiff's wife was not aware or that Defendants had any special relationship or owed any special duty beyond that between a server to a patron.
That is not to say that there could not be a situation where the negligence of a server could exceed the contributory negligence of a patron. See Sorrells, 332 N.C. at 648, 423 S.E.2d at 74 (recognizing the validity of the rule that a patron's ordinary negligence would not defeat his claim against a waiter whose actions in serving alcohol rise to the level of gross or willful and wanton negligence). However, here, Plaintiff has simply failed to plead any facts that would make Defendants' behavior any worse than the facts alleged in the above-cited cases.
*419 In conclusion, Plaintiff has alleged facts which demonstrate as a matter of law that he is not entitled to a recovery under our law, which is the majority view in this country. See Bridges v. Park Place, 860 So.2d 811, 816-818 (2003) (Mississippi Supreme Court-citing cases, including Sorrell from our Supreme Court).